HELMERS, BETTMAN & COMPANY, Appellants, v. NAGEL & COMPANY, Respondents.

St. Louis Court of Appeals, April 4, 1905.

STATUTE OF FRAUDS: Verbal Contract: Sales of Value Exceeding Thirty Dollars. Where a merchant gave an order to a manufacturer for a certain number of pairs of shoes, of certain kinds, to be thereafter manufactured according to samples exhibited by the manufacturer's salesman, the contract was not one for labor and material but for the sale of property, and, the amount being in excess' of $30, it was within the Statute of Frauds' and could not be enforced because not in writing.

Appeal from Audrain Circuit Court.—*Hon. Houston W. Johnson,* Judge.

AFFIRMED.

*W. W. Botts* for appellants.

This was an order for goods to be manufactured specially for the defendants and did not require their signature. 29 American & Eng. Ency. (2 Ed.), pages 961-5; Pratt v. Miller, 109 Mo. 78, 18 S. W. 965; Flynn v. Dougherty, 91 Cal. 669; Carson v. Cheely, 6 Ga. 554; Crocket v. Scribner, 64 Me. 447; Goddard v.

Binney, 115 Mass. 450; Goddard v. Binney, 15 Am. Rep. 112; Finney v. Apgar, 31 N. J. L. 366; Meincke v. Falk, 55 Wis. 427; Parker v. Schenk, 28 Barb. 38.

*J. S. Gatson* and *P. H. Cullen* for defendants.

Plaintiffs under the code cannot change the nature of the contract by electing to bring suit for work, labor and material, when in fact the contract was for the sale of goods, wares and merchandise, namely 138 pairs of shoes at a stipulated price per pair. Lawson on Contracts, sec. 86, p. 95; Benjamin on Sales (6th Ed.), sec. 103, p. 99; Pratt v. Miller, 109 Mo. 78, 18 S. W. 965; Cook v. Millard, 65 N. Y. 360; Delventhal v. Jones, 53 Mo. 460.

GOODE, J.—The petition recites that on or about the second day of October, 1903, plaintiffs, a firm of shoe manufacturers in Cincinnati, Ohio, entered into a contract with the defendants, merchants in Vandalia, Missouri, for work and labor to be done and materials to be furnished by plaintiffs for the defendants during the time between October 2, 1903 and February 1, 1904, for which defendants agreed to pay the sum of $361.20; that said work and labor to be done and materials to be furnished, consisted in furnishing the materials for and making for defendants, according to specifications and directions, one hundred and thirty-eight pairs of shoes and properly boxing and shipping said shoes when made to said defendants; that the plaintiffs furnished the materials and performed the work agreed on in the manner and time agreed, and the same were reasonably worth the sum of $361.20, for which judgment was prayed.

The answer, besides a general denial, pleads as a further defense that the defendants entered into a verbal agreement with a traveling salesman of plaintiff's firm by which agreement defendants, in October, 1903, agreed to purchase from plaintiffs a bill of shoes to be

delivered January 1, 1904; that the value of said shoes exceeded $30 and no note or memorandum in writing was made thereof and signed by the defendants or any one authorized by them, nor was any money or thing of value paid by defendants as part payment or in earnest to bind the bargain, nor did the defendants accept any part of the goods or actually receive them.

The facts are that plaintiffs are engaged in manufacturing shoes in the city of Cincinnati, Ohio, and employ traveling salesmen to solicit orders from merchants for bills of shoes. In October, 1903, Frank J. Weber, a salesman for the plaintiffs, called on the defendants at their store in Vandalia, Missouri, and defendants gave him an order for certain kinds of shoes to be manufactured according to samples exhibited by the salesman. Various samples were shown to Nagel and he picked out twelve or thirteen lots of different styles and sizes, being accorded the privilege of ordering shoes not exactly corresponding to the samples. Weber wrote out duplicate copies of the order given to him by the defendants and gave them one copy. In the order the prices per pair of the different varieties of shoes were stated. After the plaintiffs were at work manufacturing the shoes, the defendants sent them a direction to cancel the order for certain lots; seven in all. Plaintiffs refused to cancel those parts of the order, as the goods were in the process of manufacture and the cancellation would result in a loss to them. Defendants, when the goods were ready, refused to receive any of them.

The testimony goes to show that the plaintiffs carry no goods in stock but send out salesmen three to six months ahead of the season to take orders and shoes are made to fill the orders. The evidence further shows that this is the general custom of shoe factories which sell to the retail trade. The style of the defendants' firm was to be stamped on the shoes and on the boxes containing them.

A. Nagel for the defendants testified that when he gave the order to Weber it was a conditional one; that is, if he (Nagel), saw shoes whose style and price suited him better he had the right to cancel the order.   It appears further that when an order of shoes like those in controversy is rejected by the purchaser, the plaintiffs could sell them to some one else, but at a loss.

At the conclusion of the evidence the circuit court instructed the jury to return a verdict for the defendants.

The only defense in the case is that the contract was one for the sale of goods, wares and merchandise of the value of more than $30 and is, therefore, within the the Statute of Frauds and non-enforceable.   Plaintiffs insist it was a contract for the hiring of labor.

This case requires no discussion.   It is in all respects identical with Pratt v. Miller, 109 Mo. 78, 18 S. W. 965.

The judgment is affirmed.   All concur.