## KELLER *v.* LEWIS.

### Opinion delivered November 5, 1898.

PHYSICIAN AND SURGEON—NEGLIGENCE.—A surgeon who, on being called upon to treat a patient, informed him that he would be absent for two weeks, and that another surgeon named would attend to his cases in his absence, will not be responsible for the latter's negligence or want of skill in treating the patient during such absence, if there was' no business relation between the two surgeons. (Page 580).

Appeal from Hot Spring circuit court.

ALEXANDER M. DUFFIE, Judge.

#### STATEMENT BY THE COURT.

The appellee sued the appellant for damages in negligently treating a broken arm of his son, for whom he sued.

The son, Lawrence B. Lewis, a boy 13 years old, fell and dislocated and otherwise injured an arm, and on the next day was carried from their home in the country, seven or eight miles, to Hot Springs to procure the services of a surgeon. He first sought Dr. Thompson, and, failing to find him, reached Dr. Keller's office, and Dr. Keller, informing him that he would leave that day, and be gone two or three weeks, and that in his absence Dr. Minor would attend his cases, proceeded to dress the wounded arm and shoulder, the same being so much swollen as to prevent an examination at the time. It was not shown that Dr. Keller and Dr. Minor sustained any business relations toward each other. There is a conflict of the testimony as to what directions Dr. Keller gave the parents of the boy at the time Dr. Minor was present, but the suit was against Dr. Keller alone. The case was such that, if there was negligence at all, it may have consisted either in misdirections of Dr. Keller, or in a failure to carry them out by the parents, or in the refusal of Dr. Minor to examine the wound when the boy was brought to him as directed by Dr. Keller, preferring to await the return of the latter.

Under this state of things, it became necessary for the defendant to ask an instruction defining his responsibility for

anything Dr. Minor may have done in the matter. This much of the facts will explain the opinion which follows.

The jury returned a verdict for the plaintiff in the sum of $2,000.

*Cockrill & Cockrill,* for appellant.

The testimony did not warrant the verdict. If a physician's unskilful treatment results in no injury, no recovery can be had against him. Whart. Neg. § 736. Experts testifying as to matters not known to laymen are to be taken as correct. 78 Fed. 442, 444. There is no evidence that pain, suffering or injury resulted from defendant's treatment or advice. 78 Fed. 442, 444; 176 Pa. St. 181, 206. The plaintiff, having failed to comply with appellant's instructions, can not recover. Deering, Neg. § 235. Recommending a physician does not make one liable for his negligence. 38 Mich. 501. The statement of plaintiff that appellant told him not to return under eight days is disproved, and is too improbable for belief. 84 Fed. 935, 938. A new trial should be granted because the verdict is so clearly against the weight of the evidence as to shock the sense of justice. 34 Ark. 632; 2 Ark. 360; 5 Ark. 407; 6 Ark. 428; 10 Ark. 138; *ib.* 638; *ib.* 491; 26 *id.* 369; 39 Ark. 491. The court erred in refusing to allow the expert, Dr. Steele, to express his opinion as to cause of the then condition of the plaintiff's arm. 1 Suth. Dam. § 441. The third instruction given for appellee was erroneous (45 Ark. 256, 263); as were, also, the fourth and fifth. The standard of reasonable care and skill is that ordinarily exercised by others in the same profession or calling. 48 Am. Dec. 482, note; 66 N. W. 894; S. C. 70 N. W. 750; 40 S. W. 261. A physician or surgeon attending gratuitously is liable for gross negligence only. 2 Sh. & Red. Neg. § 604. The tenth instruction for appellee is erroneous, in that it tells the jury that if they find for the plaintiff at all, they "will" take mental pain and suffering into consideration in estimating the damages. This instruction is not hypothetical. 14 Ark. 530; 31 Ark. 684, 689; 52 Ark. 45; 33 Ark. 350; 24 Ark. 540; 61 Ark. 155, 156. The verdict is excessive.

*Wood & Henderson*, for appellees.

The evidence clearly supports the verdict. The instructions of the court were correct. It was correct to tell the jury that reasonable care was to be measured according to the surroundings and facilities of the physician. 18 L. R. A. 627; 14 Am. & Eng. Enc. Law, 76–78 and cases. The seventh instruction is law. 14 Am. & Eng. Enc. Law, 81.

*Cockrill & Cockrill*, for appellant, in reply.

The plaintiff's failure to follow the surgeon's instructions bars his recovery. Deering, Neg. § 235; 35 N. E. 521; 95 Ind. 376. The appellant did not undertake to give appellee all the treatment required, and hence he is not liable for any neglect of the physician subsequently called in. 33 Atl. 389; 53 Ark. 503; 13 So. 638; 9 C. C. A. 14; S. C. 60 Fed. 365; 28 N. E. 266; 120 Mass. 432; 38 Mich. 501. The plaintiff's complaint is in tort, and can not be sustained by proof of the violation of a contract. 84 Md. 363, 381; 5 Watts, 355.

BUNN, C. J., (after stating the facts). The defendant asked the following instruction, which was refused by the court: "9. A physician is responsible for want of ordinary care and skill and this too, whether his services are given gratuitously or not. *But in this case, if plaintiff knew defendant was going away, and the services of the defendant were given gratuitously, he could only be held responsible for such treatment as he administered personally, and cannot be held for any negligence or want of skill in Dr. Minor.*" The sentence we have italicised is the only one demanding our consideration. The employment of Dr. Minor constituted an independent contract, and Dr. Keller is not responsible for his negligence or want of skill. *Myers* v. *Holborn*, 33 Atl. Rep. 389; *Hitchcock* v. *Burgett*, 38 Mich. 501. The error is a material one, for we cannot say how far it may have influenced the jury in arriving at the verdict on the whole case. There are other minor errors in instructions, but they are not prejudicial.

Furthermore, without intending to express any opinion as to whether there is evidence to justify a verdict for some amount or not, the verdict is manifestly excessive in amount,

evincing passion or prejudice in the jury, or else that they did not understand the court's instructions as to the damages they were to inquire into.

For the errors named, the judgment is reversed, and the cause remanded.