ROSENTHAL *v.* ROSENTHAL.

1. APPEAL AND ERROR—REVIEW—SCOPE—WAIVER OF ERRORS.
   Where appellant stated in her brief that the only question involved was whether there was sufficient evidence adduced by the plaintiff tending to show joint or concerted action on the part of defendant J. with the other defendants to warrant the submission of the issue to the jury, the court treated the other assignments of error as waived.

2. VENUE—JOINT DEFENDANTS—RESIDENCE — PROPRIETY OF JOINDER.
   Evidence tending to show that defendant J., a resident of Wayne county, aided and abetted defendants R., residents of the Upper Peninsula, in their attempt to induce plaintiff to deed back certain property deeded to her in settlement of a suit for alienation, or accept a divorce, failing in which defendants R. made it uncomfortable for plaintiff to live with her husband, show sufficient concert of action between the defendants to require submission to the jury of the issue raised by a plea in abatement objecting to the joinder of the defendants and the commencement of suit in Wayne county.

Error to Wayne; Hosmer, J. Submitted October 15, 1908. (Docket No. 99.) Decided November 2, 1908.

Case by Hattie Rosenthal against Gustave Rosenthal, Fannie Rosenthal, and Moses Jacobs for conspiracy to prevent plaintiff's husband from living with her. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Reversed.

*Sloman & Sloman* (*A. J. Groesbeck*, of counsel), for appellant.

*H. H. Hatch* and *Graves, Hatch & Wasey*, for appellees Rosenthal.

HOOKER, J. Plaintiff has brought this action in the

Wayne circuit court. The defendants are her husband's parents, residing at Newberry in the Upper Peninsula, and one Jacobs, a resident of Detroit. The action is case to recover damages for conspiring to force plaintiff to deed to defendants Rosenthal certain real estate in Detroit which they had previously deeded to her in settlement of a former suit that she had brought against them for alienation of her husband's affections, and alienating her husband's affections. The action was commenced by summons served first upon Jacobs at Detroit, proof of which was duly filed by the sheriff on July 16, 1906, together with a return that, after diligent search and inquiry, he [the sheriff of Wayne county] could not find the other defendants within his bailiwick, and that they resided at Newberry, Mich. A summons was thereupon sent to the sheriff of Luce county, who served it personally upon them at Newberry. Jacobs appeared and pleaded the general issue. The other defendants filed a plea in abatement, upon which an issue was made and tried. They also filed a plea of the general issue, accompanied by a notice of the same matters alleged in their plea in abatement, the substance of which was:

"That the defendant Moses Jacobs was not made a defendant jointly with the Rosenthals because he was jointly guilty of the wrongs charged against them, but for the sole purpose of enabling plaintiff to acquire jurisdiction of the Rosenthals in Wayne county under the provisions of Act No. 225 of the Public Acts of 1901, the defendant Jacobs residing and being served at Detroit and the defendants Rosenthals at Newberry, where they resided."

Upon a trial of the issues raised by the plea in abatement, the learned circuit judge directed a verdict for the defendants Rosenthal, and subsequently caused the entry of a judgment quashing the summons and setting aside the service upon them, with costs to be taxed. The plaintiff has appealed.

The appellant states in her brief:

"The only question involved is whether there was suffi-

cient evidence adduced by the plaintiff tending to show joint or concerted action on the part of the defendant Jacobs with the other defendants to warrant the submission of the same to the jury."

In view of this statement, we feel justified in treating other assignments of error as waived. We have examined the testimony, and are convinced that there was evidence tending to show that the defendant Jacobs aided and abetted the Rosenthals in their attempt to induce the plaintiff to deed the property back or accept a divorce. Failing in the effort to get the property, the Rosenthals made it uncomfortable for plaintiff to live with her husband, if she is to be believed. The testimony of Rabbi Farber and that of the plaintiff show a degree of officiousness consistent with the charge made by the plaintiff. The cause should have gone to the jury.

The judgment is reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.