HALLADAY *v.* DETROIT UNITED RAILWAY.

1. SERVICE OF PROCESS — INTERURBAN ELECTRIC RAILWAYS — STREET RAILWAYS—JUDICIAL NOTICE—EVIDENCE.

Under Act No. 208, Pub. Acts 1901, providing that service of process may be made upon any corporation owning or operating any interurban electric railway in this State by serving the same "upon any conductor upon any of the cars of such company along the line of or at the end of the railroad of such company," with the proviso that such service "shall not apply to conductors on electric railways operating within the limits of incorporated cities," the service upon a conductor in a city through which such road passes is sufficient, when, by the terms of the act, such service may be made "along the line of or at the end of the railroad," and the "end" is necessarily within the limits of an incorporated city, since the court takes judicial notice that there are no interurban electric railways in the State not having a terminus in a city; said proviso relating to electric railways operated wholly within the limits of incorporated cities.

2. CONSTITUTIONAL LAW — STATUTES — JOINT DEFENDANTS — RESIDENCE—VENUE.

Act No. 225, Pub. Acts 1901, providing that where suit is brought against joint defendants, one or more of whom shall not reside in the county where the suit is brought, and a defendant shall be served therein, plaintiff may sue out a summons to the sheriff of the county where a defendant not so served may be found, or may cause a copy of the declaration, with notice of the rule to plead, to be served on the defendants not elsewhere served in any county in the State, does not violate the Constitution, article 6, § 27, declaring that the right of trial by jury shall remain.

Certiorari to Washtenaw; Kinne, J. Submitted January 12, 1909. (Docket No. 61.) Decided February 2, 1909.

Case by Mary A. Halladay against the Detroit United Railway and the Detroit, Jackson & Chicago Railway for personal injuries. There was an order denying a

motion to quash, and defendant Detroit United Railway brings certiorari. Affirmed.

*Brennan, Donnelly & Van De Mark*, for appellant.

*Arthur J. Waters* and *Lehman, Riggs & Lehman*, for appellee.

MONTGOMERY, J. An action was instituted by the plaintiff in the circuit court for the county of Washtenaw against the two defendants, service was had upon a conductor in charge of one of the cars of the defendant the Detroit, Jackson & Chicago Railway, in the city of Ann Arbor, and thereafter service was had upon the defendant the Detroit United Railway, in the county of Wayne. A motion was made to quash the service of the declaration, and the present proceeding is certiorari to review the order denying that motion.

Two claims are made: *First*, that the service of the declaration upon the conductor in the city of Ann Arbor was not in compliance with the statute, Act No. 208, Pub. Acts 1901; and, *second*, that Act No. 225, Pub. Acts 1901, in authorizing the joining as defendants of nonresidents of the county in which the action is planted, is in violation of section 27, art. 6, of the Constitution.

Act No. 208, Pub. Acts 1901, is entitled:

"An act to provide for the service of processes, notices and writings upon all corporations owning or operating electric railways in the State of Michigan."

It provides:

"Whenever in any suit or proceedings, either in law or equity, it shall become necessary to serve any process, notice or writing upon any corporation owning or operating any interurban electric railway in the State of Michigan, it shall be sufficient to serve the same upon any station agent, or ticket agent, at any station or depot along the line of or at the end of the railroad of such company, or upon any conductor upon any of the cars of such company along the line of or at the end of the railroad of such company, and such service shall be deemed as good and effect-

ual as if made on the officers, stockholders or members, or either of them, of such company: *Provided,* That the modes of service herein provided for shall be in addition to those already in existence: *And provided further,* That the provision for service upon conductors of electric railways shall not apply to conductors on electric railways operating within the limits of incorporated cities."

It is claimed that the proper construction of this statute is that service is authorized to be made upon any conductor of an interurban car only along the line of travel, but that, when service is made within the limits of a city through which the railway passes, such service must be made upon the station agent or ticket agent. We think this is not the correct construction. The provision is that service may be made upon any conductor upon any of the cars of the company along the line of or at the end of the railroad of such company. This provision relates, by the terms of the act, to interurban electric railways. A service at the end of the railroad must necessarily, therefore, be within a city or village, as the court will take judicial notice that there are no interurban electric railways in the State not having a terminus in a city, and, if service be made upon the conductor at the end of such railroad, it must be within the city limits.. It was to preclude any possibility of the claim that this provision for service should be held to apply to ordinary electric railways in cities that the last proviso was adopted, which proviso must be held to relate to street railways wholly operated within the limits of incorporated cities.

Act No. 225, Pub. Acts 1901, is an amendment to an act entitled:

"An act to facilitate the commencement of suits against joint defendants residing in several counties."

This act was originally adopted in 1861, and has been amended at various times since. But during all this time, in some cases, defendants residing in several counties might be joined in a single action. The amendment introduces no new principle, except that it extends the right

of joining the defendants to a different class of actions.

As affecting the constitutional right of a trial by a jury of the vicinage, however, if that right is infringed by the present statute, it has been during all the history of this legislation. The question, however, of the constitutionality of the statute upon this ground has not, to our knowledge, been previously raised. On the contrary, in the very late case of *Rosenthal* v. *Rosenthal*, 154 Mich. 533, the amendatory act was treated as valid, no constitutional question being raised. The provision of the Constitution is that the right of trial by jury shall remain. It shall be deemed to be waived in all civil cases unless demanded by one of the parties in such manner as shall be prescribed by law. To hold that this provision makes it necessary that the parties to a joint action be sued only in the county in which the defendant resides is to compel the bringing of two actions where one has heretofore been permitted.

The effect of declaring this act unconstitutional would be even more far-reaching than this. For upon the same reasoning it would follow that no defendant could be sued in a county other than that of his residence. We do not think that the constitutional provision was intended to have any such construction as this. The common practice of ordering a change of venue in civil cases defeats a party of his right of a trial by jury of the county of his residence. But it has never been conceived that for this reason such provisions for a change of venue are in conflict with the Constitution. A change of venue has been permitted since the organization of the State for reasons other than those of the inability to secure a jury.

The objection is not sustained. The order of the circuit judge will be affirmed, with costs.

BLAIR, C. J., and GRANT, OSTRANDER, and MOORE, JJ., concurred.