BROWN v. BENNETT.

1. NEGLIGENCE—JOINT LIABILITY—PHYSICIANS AND SURGEONS.

   Plaintiff's attending physician who engaged a surgeon to perform an operation and who assisted at the operation, but had not principal charge of it, is not jointly liable with the surgeon for neglect to remove a sponge from the wound.

2. PARTIES—MISJOINDER—PROCESS—SERVICE ON NONRESIDENT OF THE COUNTY.

   Nonresidents of the county in which an action is brought are not subject to the jurisdiction of the court unless a joint liability is alleged and proved against the nonresident and a defendant who resides in the county. 3 Comp. Laws, § 10010; Act No. 225, Pub. Acts 1901.

Error to Van Buren; Des Voignes, J. Submitted April 28, 1909. (Docket No. 40.) Decided July 15, 1909.

Case by Bertha K. Brown against Charles L. Bennett and Richard R. Smith for malpractice. A judgment for plaintiff is reviewed by defendants on writ of error. Reversed, and no new trial ordered.

*Thomas J. Cavanaugh,* for appellant Bennett.

*Butterfield & Keeney,* for appellant Smith.

*Russell M. Chase,* for appellee.

The action is trespass on the case. It is averred, in substance and effect, in each of the four counts of the declaration, that the defendants, professing to be skilled physicians and surgeons, undertook for reasonable reward to be paid to them to skillfully treat, care for, and to perform upon the plaintiff a certain operation, and that they so negligently, unskillfully, and carelessly performed it that by reason thereof the plaintiff was injured. The suit

was begun by summons. Service was made upon defendant Bennett in Van Buren county, and upon defendant Smith in Kent county. Defendant Smith pleaded in abatement that he was not a resident of Van Buren county when the suit was begun, nor was he found or served with process in that county; that, on the contrary, he was, and before that time continuously had been, a resident of the county of Kent, and the summons was served upon him in the county of Kent; that, if any right of action existed as set forth in plaintiff's declaration against him, the circuit court for the county of Kent had sole jurisdiction thereof, and the circuit court for Van Buren county had no jurisdiction; that, if any cause of action existed, it was several, and not joint; that, if any liability existed, defendant was not liable jointly with defendant Bennett; and that no such joint liability as is set forth in the declaration exists. The plea was verified, there was joinder, and it was stipulated by counsel for each of the parties that the issue raised by the plea should be heard and determined with the issues raised by the plea of the general issue, and that such disposition should not be construed as a waiver of any rights insisted upon in said plea, but that both parties should have the same rights in all respects in the hearing of the case on a motion for a new trial, or on writ of error, as though the issue raised by the plea in abatement had been heard and determined before the determination of the issues raised by the plea of the general issue. The cause was tried in November, 1907, and resulted in a verdict for the plaintiff against both defendants for $625, upon which verdict there was judgment. The court was requested to direct a verdict in favor of each of the defendants, and also requested to instruct the jury that defendants could not be held to any joint liability for any act charged in the plaintiff's declaration. These requests were refused and exceptions followed. It is the theory of the plaintiff that defendants jointly undertook to perform the operation; that they, or one of them,

left in the abdominal cavity one of the gauze pads or laparotomy sponges used in performing the operation; that it remained there for 10 months; that this was negligence, and that for the effects of such negligence both defendants are liable. In this court appellants have waived the benefit of all assignments of error except those involving the propositions (1) that there was no evidence of joint liability; and (2) that each was entitled to a peremptory instruction in his favor because the testimony wholly failed to show that either was negligent.

OSTRANDER, J. (*after stating the facts*). We do not find in the record any testimony tending to prove a joint undertaking of the defendants. On the contrary, upon this point the case for plaintiff stated most favorably to her is that she was advised by her physician, Bennett, who had treated her for certain disorders, that the remedy for her ailment was a surgical operation. The family of plaintiff, including her husband, knew of this advice, consented that an operation should be performed, and that defendant Bennett should select and arrange with some surgeon to perform the operation. They were told that Dr. Smith had been selected; that a trained nurse would be selected by Dr. Smith; that it was proposed that there should be present Dr. Smith, who was to receive $75, and Drs. Bennett, Crosby, and Ransom, who were to be paid $10 each. The husband or father of plaintiff, or both, agreed to procure and did procure $100 and gave it to Dr. Bennett and took his receipt therefor. Afterwards they paid him $5. This money Dr. Bennett distributed as above indicated, receiving himself $10. The husband of plaintiff, or some one for him, also paid the nurse. Every one understood that Dr. Smith would perform the operation, assisted by the other physicians. There is some testimony to the effect that the contract made not by plaintiff, but by her husband and father, was made with defendant Bennett, and that he was to see that the operation was properly performed, and would

guarantee a cure. But this does not tend to prove a joint undertaking by these defendants to perform the operation. It is said in the brief for plaintiff that "the husband of plaintiff agreed to employ Dr. Bennett and Dr. Smith to perform this operation." It is the not uncommon case of a practicing physician advising a patient to submit to a surgical operation to be performed, not by himself, but by some surgeon of reputation, skill, and experience, for which operation, with the consent of his patient, he makes the necessary arrangements, in performing which he assists the operating surgeon as directed or advised. The operation was not performed by these defendants jointly. Dr. Smith performed it, as his own testimony and that of each of the physicians and of the nurse conclusively shows. In accordance with modern methods, the operation was an organized performance. Dr. Crosby administered the anesthetic. That was his duty and responsibility. Drs. Bennett and Ransom assisted the operating surgeon.

"They stood with me," Dr. Smith testified, "at the side of the patient and assisted me as I directed; that is, they retracted the sides of the wound when it was open, pulled them apart, the sides of the wound. They helped in regard to sponging up blood, and perhaps occasionally caught a spurting vessel when it was cut, and that is about all generally. I performed the operation. The duty of Dr. Ransom was practically the same as Dr. Bennett."

The nurse had charge of the sponges before and after they were used, and counted them before and after the operation. That was her duty. The operating surgeon, having inserted the large sponges or pads, and having removed all of them in the immediate field of operation, relied upon the nurse and her assurances that all sponges were accounted for, and closed the wound. Undoubtedly each case of this nature must stand upon its own facts. The length of time required to perform the operation, the nature of the operation itself, as whether the field is deep

in the abdomen, the number of pads or sponges used to keep the field of operation clear, the opportunity or chance for one or more of the pads to be displaced, rolled upon itself, and hidden, all of these and other considerations measure the required skill and care of the surgeon. It must be considered as established in this case that a sponge or pad was left in the abdomen, and that an injury to plaintiff was the consequence. It is not claimed, and is not to be supposed, that anyone was intentionally at fault. Both defendants are men whose general professional knowledge and skill are unquestioned and undoubted. They were not engaged in a trespass. Neither was employed by the other. Each was required to exercise ordinary skill and care. But direction and control of the operation were with one man. Whether responsibility for what occurred is rested upon contract or upon negligent performance of duty, there is no rule of law which, under the undisputed facts, imputes want of skill or care on the part of Dr. Smith to Dr. Bennett. The jury should so have been instructed.

The statute (3 Comp. Laws, § 10010, as amended by Act No. 225, Pub. Acts 1901) provides that where an action of trespass on the case shall be brought in any circuit court against two or more defendants, one or more of whom shall not reside in the county or be found therein, and service of the process shall be made in such county upon one or more of such defendants, the plaintiff may sue out one or more writs directed to the sheriff of the county where the nonresident defendants may be found, and it shall be the duty of such sheriff to serve such process and make return to the court issuing the same. It is by virtue of this statute and the service of process pursuant thereto that jurisdiction of the court over defendant Smith is asserted. It must be held that the court did not acquire jurisdiction. See *Rosenthal* v. *Rosenthal*, 154 Mich. 533 (118 N. W. 18).

It is said in the brief for plaintiff that the declaration not only charges defendants with negligence in the per-

formance of the operation, but also charges them with negligence in the treatment of plaintiff at the time of and following the operation, and her treatment and care thereafter. Words of this general import are employed in the declaration. But neither in the declaration nor in the brief are we advised of any particular neglect or want of care after the operation was concluded. What duty defendant Smith owed to plaintiff after performing the operation is not apparent.

The conclusions which have been stated require a reversal of the judgment, and no new trial.

MONTGOMERY, HOOKER, MOORE, and BROOKE, JJ., concurred.