MOREY v. THYBO.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1912.)

No. 1,849.

1. PHYSICIANS AND SURGEONS (§ 16*)—MALPRACTICE—SURGEONS JOINTLY ENGAGED—DIVISION OF WORK.

Where two surgeons are independently engaged by a patient, and serve together by mutual consent, they are entitled, in the absence of instructions to the contrary, to make such division of service as in their honest judgment the circumstances may require; each being required, not only to bring to the case the ordinary knowledge and skill of the profession, but also to give his best personal attention and care thereto.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 31; Dec. Dig. § 16.*]

2. PHYSICIANS AND SURGEONS (§ 16*)—JOINT SERVICE—LIABILITY.

Where two surgeons, independently engaged by a patient, serve together by mutual consent, each, in serving with the other, is answerable for his own conduct and for all the wrongful acts or omissions of the other, which he observes and lets go on without objection, or which in

---

the exercise of reasonable diligence under the circumstances he should have observed.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 31; Dec. Dig. § 16.*]

3. PHYSICIANS AND SURGEONS (§ 16*)—JOINT SERVICE—SCOPE OF LIABILITY.
Plaintiff independently employed defendant and R. as surgeons to attend her in child birth. Before removing the child with instruments, it was agreed between them that defendant should administer the anæsthetic and that R. should do the operating. Thereafter plaintiff charged defendant with malpractice, in that the instruments used were unsterilized, that all of the afterbirth was not removed, and that R. left plaintiff so badly lacerated that sewing was necessary, and that the lacerations were not sewed. *Held*, that defendant was not liable for such acts, unless he, in the exercise of reasonable diligence under the circumstances, should have known of them, or that anything occurred to lead him to believe that R., a skillful surgeon, would have so performed the operation.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 31; Dec. Dig. § 16.*]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

Action by Rhoda Thybo against L. L. Morey. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Chris P. Ellerbe, Linn R. Brokaw, and Dan McGlynn, for plaintiff in error.

Frank F. Noleman, June C. Smith, and William F. Bundy, for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

BAKER, Circuit Judge. Morey, plaintiff in error, a physician and surgeon, seeks to reverse a judgment against him for malpractice.

Three counts were in the declaration. Two were broad enough to cover every act of Morey's throughout the case. In the third, Mrs. Thybo alleged that Morey, "together with one Rice, another physician and surgeon whom the defendant then and there called in to assist him and for consultation," negligently tore and lacerated her vagina and uterus in delivering her of a child, failed to remove all of the afterbirth, and used unsterilized instruments, in consequence of which blood poisoning developed.

At the close of the evidence Morey asked for a directed verdict and separately moved that the third count be withdrawn from the jury.

Undisputed facts are that Morey alone was first employed; that from June 5th, when the amniotic sac broke, until 10 p. m. of June 11th Morey was in sole charge; that Morey had no business relation, or even acquaintance, with Rice; that Mrs. Thybo and Rice were oldtime friends; that in the afternoon of the 11th Mr. Thybo, the husband, telephoned to Rice to come from St. Louis to the Thybo home at Vandalia, Ill.; that after Rice's arrival at 10 p. m. he concluded from his examination that delivery was impossible without the use of instruments; that, by agreement of Rice and Morey, Rice was to use the instruments and Morey to administer the anæsthetic; that this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

division of service was known to Mrs. Thybo and her husband, and not objected to; that deliveries of the child and of the placenta, Morey and Rice each doing his part, were effected during the early hours of the 12th; that Morey left at 2 a. m., and Rice returned to St. Louis at 4 a. m.; and that subsequent treatment was by Morey.

Throughout the giving of testimony it clearly appears that Morey was contending, first, that his own conduct, both before Rice came in, and after Rice had left, and also while Rice was present, was without fault; and, second, that he was in no wise responsible for any of Rice's malpractices. Inasmuch as every act of Morey's for which he would be immediately responsible was within the first two counts, the question presented by the motion to ignore the third count was whether, under all the evidence, there was any legal basis for charging Morey with Rice's acts or omissions.

If the pleader meant to hold Morey on the principle of respondeat superior, the above-recited facts show that the attempt was vain. Rice's only contractual relation was with the Thybos.

[1, 2] Two physicians, independently engaged by the patient and serving together by mutual consent, necessarily have the right, in the absence of instructions to the contrary, to make such a division of service as in their honest judgment the circumstances may require. Each must not only bring to the case the ordinary knowledge and skill of the profession, but also give his best personal attention and care. Harris v. Fall, 177 Fed. 79, 100 C. C. A. 497, 27 L. R. A. (N. S.) 1174. Each, in serving with the other, is rightly held answerable for his own conduct, and as well for all the wrongful acts or omissions of the other which he observes and lets go on without objection, or which in the exercise of reasonable diligence under the circumstances he should have observed. Beyond this, his liability does not extend. Harris v. Fall, supra; Keller v. Lewis, 65 Ark. 578, 47 S. W. 755; Hitchcock v. Burgett, 38 Mich. 501; Brown v. Bennett, 157 Mich. 654, 122 N. W. 305.

By the court's charge to the jury the somewhat vague allegations of the third count respecting the theory on which Morey was sought to be held for Rice's malpractice were construed in accordance with the foregoing principles. Is there any evidence to sustain that theory of liability?

Using unsterilized forceps, not removing all of the afterbirth, and leaving the patient so badly torn that sewing was necessary, without performing the operation himself or giving notice of the condition, were the alleged wrongful acts and omissions on the part of Rice.

[3] Whether the forceps were sterilized or not was a matter of sharp dispute; but, of course, the jury's finding that they were not must be accepted. We have carefully read the entire bill of exceptions, and we find the following situation established without conflict: Rice brought his own instruments. After his examination and decision to use forceps, Morey went into the bedroom and got ready to administer the anæsthetic. Mrs. Thybo was lying crosswise on the bed. Morey was at her head. After Morey was in that position, he did not see Rice until he came into the bedroom attired in surgeon's

garb and with the instruments in his hands. There was no testimony, disregarding the testimony that the instruments were sterilized with boiling water in the kitchen, that Morey saw the instruments before Rice brought them into the bedroom. Their location prior to that was given by one witness. They were in their case on a table against the wall in the sitting room at a point beyond the range of vision of any one in the bedroom. Consequently no basis was afforded by the evidence for a finding that Morey knew of and acquiesced in the use of unsterilized forceps. By the exercise of reasonable diligence, under the circumstances, should he have known? Not unless, while attentively engaged in his own part of the service, he ought gratuitously to have entertained a suspicion that an apparently learned and skillful surgeon was about to commit a gross medical offense, and to have followed up the suspicion by inquiring whether his brother had forgotten to sterilize his hands and his instruments. No such unreasonable burden is imposed by the law.

When the afterbirth was delivered, Rice examined it, found it to be entire, and at once had it disposed of. Morey, from across the bed, looked at it, and to him it appeared to be intact. Nothing in the record warrants a finding that Morey knew that Rice had not removed all of the afterbirth. And here, too, Morey was not bound to assume, in the absence of observable indicia, that Rice was incompetent.

Similarly, with respect to lacerations, Morey, from his position, could not know of them for himself; and from Rice's silence he was not negligent in inferring that no lacerations requiring repair operations had been inflicted. If Morey in his subsequent visits negligently failed to discover promptly and to treat properly the lacerations and the blood poisoning, those were matters of his own direct responsibility.

For the error in submitting the third count to the jury, the judgment is reversed, and the cause is remanded, with the direction to grant a new trial.