NORTON *v.* HEFNER.

Opinion delivered October 15, 1917.

1. PHYSICIANS—NEGLIGENCE OF ANOTHER PHYSICIAN LEFT IN CHARGE OF A CASE—DAMAGES—LIABILITY.—A physician is not liable in damages on account of negligence of another physician who takes charge of a patient at his request.

2 PHYSICIANS—SURGEONS—NEGLIGENCE OF ANOTHER PHYSICIAN LEFT IN CHARGE OF PATIENT.—Defendant operated upon plaintiff, performing the operation successfully and skillfully; being obliged to leave the city, he requested another physician, one M., an interne

at the hospital where the operation was performed, to take charge of the patient. *Held,* under these facts, that defendant was not liable in damages to plaintiff for any negligence of M. resulting in an injury to plaintiff.

Appeal from Crittenden Circuit Court; *W. J. Driver,* Judge; reversed.

*James R. Yerger,* for appellant.

1. Appellant was not negligent and was not liable for any negligence of the physician selected to take charge of the case after he was compelled to leave. 181 S. W. 157; 12 Negl. Comp. Cas. Ann. 882; 65 Ark. 580; 38 Mich. 501; 93 Am. St. 665; 27 L. R. A. (N. S.) 1174.

2. The verdict is excessive. 55 Am. St. 606. There is no evidence to sustain it. 70 Ark. 386; 24 *Id.* 224; 10 *Id.* 309; 7 *Id.* 462; 79 *Id.* 609.

3. A jury can not disregard arbitrarily the uncontradicted testimony of witnesses. 67 Ark. 514; 80 *Id.* 396; 96 *Id.* 37; 101 *Id.* 532.

*Rhoton & Helm* and *Berry & Wheeler,* for appellees; *Gardner K. Oliphint,* on the brief.

1. The law was properly declared in the instructions given. Norton was responsible for the acts of Doctor Henry, under the law of *respondeat superior.* Tiffany on Agency, 9, 10, 507; 65 Ark. 580; Sh. & Redf. on Negl., § 606.

2. There is no error in the instructions. A physician is liable only for *his own* negligence and not for that of any physician *independently* employed by the patient. 7 C. & P. 82; 32 E. C. L. 5100; 127 N. W. 194; 65 N. E. 865; 42 Ark. 551-2.

3. Appellant had given instructions not justified by the law or evidence, but he can not complain. 60 Fed. 365, 376; 30 S. W. 450.

4. The instructions as to the measure of damages were correct. 91 Ark. 343; 98 *Id.* 362.

5. The verdict is not excessive. 122 Ark. 305; 127 Ark. 555; 118 S. W. 338; 35 Ark. 495; 3 Hutchinson on Car., § 805; 46 Neb. 907; 30 L. R. A. 504. A permanent

disability was reasonably shown.   90 Ark. 284; 97 *Id.*
358; 106 *Id.* 186; 65 *Id.* 682.

. 6.   No passion or prejudice of the jury is shown.

McCULLOCH, C. J.   The defendant, M. M. Norton,
is a physician and surgeon, and this is an action insti-
tuted against him by the plaintiff, C. E. Hefner, and his
wife Theresa, to recover damages on account of injuries
resulting from improper treatment following a surgical
operation performed by the defendant.

It is not claimed that there was any unskillfulness
or negligence in the performance of the surgical opera-
tion, but the contention is that the injury resulted from in-
attention or unskillfulness on the part of another physi-
cian left in charge of the patient by Doctor Norton after
the operation was complete.   There was a jury trial
which resulted in a verdict in favor of each of the plain-
tiffs.

The material facts necessary to consider in dispos-
ing of the case here are as follows:

The defendant was engaged in the practice of his pro-
fession at Lake Village, Arkansas.   The plaintiffs re-
sided at Marianna, Arkansas, and Mrs. Hefner was af-
flicted in a way that required a surgical operation involv-
ing an incision and entrance into the abdominal cavity.
The plaintiffs met a young medical student, named Cur-
ran, with whom they were acquainted, and he recom-
mended the employment of Doctor Norton to perform the
operation.   There is no evidence, however, that there was
any business relations existing between Curran and Doc-
tor Norton, but the former was merely a volunteer in rec-
ommending the latter as a suitable surgeon to perform
the operation.   He talked with Doctor Norton over the
telephone and made the arrangements for the latter to
come to Little Rock and perform the operation at a hos-
pital in this city.   The plaintiffs came to Little Rock and
Mrs. Hefner was placed in the hospital and Doctor Nor-
ton performed the operation with entire success, ac-
cording to the testimony.   Another surgeon of recog-

nized ability in Little Rock was present and witnessed the operation, and there is no question made that it was not skillfully performed. There was also present another young physician who was then an interne in the hospital. In finishing up the operation it became necessary to leave a piece or pieces of gauze in the wound for draining purposes, and this was done. After the operation had been completed Doctor Norton announced that he could not remain in Little Rock any longer, but would have to return to his home at Lake Village, and the question arose between the parties as to who should look after the patient and dress the wound. There was testimony adduced by the plaintiffs which tended to show that Doctor Norton arranged with a young physician who was acting as interne in the hospital to look after the patient until she recovered, and the recovery in this case was based entirely on the theory that the interne was guilty of negligence in failing to remove the gauze at the proper time, and that Doctor Norton was liable in damages because of the alleged negligence of the interne. The court, over the objection of the defendant, instructed the jury, in substance, that if Doctor Norton employed the interne to take charge of the patient for the purpose of dressing the wound and removing the gauze at the proper time, and that the interne was guilty of negligence in failing to properly remove the gauze, the defendant would be liable, and that it was wholly immaterial whether the defendant paid or agreed to pay the interne for his services. There was no testimony in the case that Doctor Norton employed the interne in the sense that he was to pay him anything for his services, but the evidence merely tends to show that the interne, at the request of Doctor Norton, agreed to take care of the patient. According to the undisputed evidence, Doctor Norton left Little Rock shortly after the operation was completed and did not see the patient any more, nor is there any testimony tending to show that Doctor Norton was guilty of any negligence in the selection of the interne, as a proper person to look after the patient and remove the

gauze. The interne was a physician who had been selected by the hospital management to attend patients in the hospital and there was nothing to indicate that he was lacking in qualification for the position.

The evidence adduced and the instructions of the court present squarely the question whether or not a physician is liable in damages on account of negligence of another physician who takes charge of a patient at his request. That question seems to have been settled against the right to recover under those circumstances by a decision of this court in the case of *Keller* v. *Lewis,* 65 Ark. 578. The facts of that case were that the son of the plaintiff sustained a dislocation of one of the joints in his arm and was taken to Doctor Keller, the defendant, for treatment. Keller was about to leave the city, but gave the dislocated arm temporary treatment and recommended that the patient be taken to another physician with whom Doctor Keller had arranged to look after his patients in his absence. One of the theories in the case was that the other physician was guilty of negligence in failing to treat the dislocated joint at the proper time and the defendant asked the court to give an instruction telling the jury that the defendant could not be held liable for the negligence or want of skill of the other physician. The court refused to give the instruction and this court reversed the judgment on that account. In disposing of the case this court said: "The employment of Doctor Minor constituted an independent contract, and Doctor Keller is not responsible for his negligence or want of skill." The court cited in support of the opinion the case of *Myers* v. *Holborn,* 58 N. J. L. 193, 55 Am. St. Rep. 606, where under somewhat similar circumstances the New Jersey court held that "a party employing a person who follows a distinct and independent occupation of his own, is not responsible for the negligent or improper acts of the other." This view of the law is based upon the theory that the doctrine of *respondeat superior* applies only in case of the negligence of a servant who acts under the direction and control of the master (*De Forrest* v.

*Wright,* 2 Mich. 368), and does not apply to a physician or other professional man who, when employed, acts upon his own initiative and without direction from others. That idea was clearly expressed by this court in the case of *Arkansas Midland Railroad Co.* v. *Pearson,* 98 Ark. 399, where it was said: "A physician can not be regarded as an agent or servant in the usual sense of the term, since he is not and necessarily can not be directed in the diagnosing of diseases and injuries and prescribing treatment therefor, his office being to exercise his best skill and judgment in such matters, without control from those by whom he is called or his fees are paid."

Applying that principle to the case in hand, it is clear that the instructions of the court as to liability on the part of the defendant were erroneous. Appellant was not guilty of negligence in the performance of the operation, nor in the selection of a physician to continue the treatment after he left the city. Not being negligent in those respects, he can not be held responsible for the negligence of the other physician who was left in charge, merely because the other physician took charge on his suggestion and arrangement.

There was testimony adduced tending to establish an express agreement on appellant's part to look after the treatment in connection with the other physician who was left in charge of the patient, and to make himself responsible for the latter's conduct and treatment of the patient, but the instructions given by the court do not make appellee's right of recovery depend on the existence of such contract.

Reversed and remanded for a new trial.