HAMMETT v. MOTOR EXPRESS, INC.

4-4018

Opinion delivered November 4, 1935.

*John E. Coates, Jr.,* for appellants.

*House, Moses & Holmes,* for appellee.

BUTLER, J. The appellants brought suit against the appellee to recover on a judgment theretofore obtained against J. E. Thompson Motor Express Company, on the allegations, (1) that appellee company was merely a reorganization or continuation of the J. E. Thompson Motor Express Company, and (2) that appellee had assumed the liabilities of the former company. Issue was

joined and evidence adduced. At the conclusion of the testimony the trial court instructed the jury to return a verdict in favor of the defendant. Judgment was entered in accordance with the verdict, from which judgment this appeal has been duly prosecuted.

Counsel for appellant bases his argument on the theory that, under a merger or consolidation or a continuation or reorganization, the successor corporation is liable for the debts of the old company, and cite authorities which amply sustain that contention. He also contends that the assets of a corporation are a trust fund for the payment of its debts, and may be followed into the hands of any person other than a *bona fide* purchaser in due course of business. The authorities cited sustain that contention.

When we examine the evidence, however, we find a total lack of any testimony to which the principles of law cited by the appellants would be applicable. There is no evidence that we can discover tending to show a reorganization or continuation of the J. E. Thompson Motor Express Company in Motor Express, Inc. While Motor Express, Inc., was organized to transact business similar in nature to that pursued formerly by the J. E. Thompson Motor Express Company, only one of the owners of the capital stock of the former company was a shareholder in the succeeding company, and he owned only ten shares of its capital stock. Further than this there appears to be no connection between the two companies. The only assets of the former company shown to have been purchased by the latter was the license of the Thompson Motor Express Company and certain permits for the operation of motor truck transportation facilities. In regard to the purchase of the assets of the former company, the only evidence offered was a letter of Mr. C. H. Moses, the secretary and treasurer of Motor Express, Inc., written to counsel for the appellants, in which the statement is made that the old Motor Express Company had gone out of business more than a year previous to the writing of the letter; and that an entirely new corporation took over the routes and probably some of the other assets. In this connection, J. E. Thompson,

who had been the president of the J. E. Thompson Motor Express Company, testified that Mr. Moses agreed to assume his (witness') liability in the company if witness turned loose his interest to Mr. Moses, which he did. Witness stated that the Thompson Company owed an outstanding mortgage of $3,000 to Abe Kempner and around $9,000 to the Federal Bank which witness was informed Mr. Moses had paid; that this payment was for the consideration of turning over witness' interest to Mr. Moses. This was all the evidence in the case. This falls far short of showing that the appellee company was not a *bona fide* purchaser, or that the appellee company assumed the liabilities of the Thompson Motor Express Company. If any one assumed these liabilities, it was Mr. Moses, and he, only to the extent of paying the Kempner and Federal Bank debts.

In testing the action of the trial court in directing the verdict, we recognize and adhere to the rule announced in *Plunkett* v. *Hayes,* 180 Ark. 505, 21 S. W. (2d) 851, and *Smith* v. *McEachin,* 186 Ark. 1132, 57 S. W. (2d) 1043. But, as we find no evidence tending to establish the allegation of the appellant's complaint, we conclude that the lower court properly directed a verdict for the appellee, and its judgment will therefore be affirmed.