No. 1,619.

## KEARNS *v.* BURLING.

CONTRACT.—*For Drilling Well.—Breach of.—Obstruction.*—One who agrees to pay a specified price per foot for drilling a well, an adequate supply of water to be furnished, is liable on the contract, or for work and labor done, where he or some other person obstructs the well after it is partly drilled, he prevents the other party to the agreement from drilling another well, and the latter would have been able to find an adequate supply of water if he had not been prevented.

APPELLATE PROCEDURE.—*Court Directing Verdict for Defendant.—When Error.*—A direction of a verdict for defendant, where there is material evidence to support plaintiff's right to recover is reversible error.

From the Benton Circuit Court.

*J. D. Brown,* for appellant.

*D. Fraser* and *W. Isham,* for appellee.

LOTZ, J.—The appellant sued the appellee in three paragraphs of complaint. The first being on an account for work and labor done. The second declared on a special contract alleged to have been entered into between the plaintiff and the defendant for the drilling of a water well on the defendant's premises; it being stipulated that the plaintiff should find an adequate supply of water, and that the defendant should pay the plaintiff $1.00 per foot through soil, and $1.50 through rock, and board the plaintiff and his help and horses while the well was being drilled; that in pursuance to the contract the plaintiff entered upon the defendant's premises and drilled the well one hundred and fifty feet deep, being forty feet through soil and one hundred and ten feet through rock; that before he reached or found

Kearns *v.* Burling.

water, the defendant placed obstructions in the well which could not be removed, and thereby prevented the plaintiff from completing the well, and he was compelled to abandon the same, to his damage in the sum of $200.00.

The third paragraph contains nearly the same averments as the second with the exception that it is alleged that some person unknown to plaintiff, placed obstructions in the well and he was compelled to abandon it. It is further averred that the plaintiff then selected a new site and commenced to drill another well in conformity to the contract; that the defendant then objected to the plaintiff drilling the second well at that time, and solicited the plaintiff to discontinue the work until the following year, to which the plaintiff consented; that in the following year the plaintiff was ready and willing to drill the well as required by the contract, when the defendant refused to permit him to do so and ordered him to keep off his premises. It is further averred that if plaintiff had been permitted to drill the well he could and would have complied with the contract and furnished an adequate supply of water; and that by the defendant's refusal and breach of the contract, plaintiff was damaged in the sum of $200.00.

The defendant answered the general denial, settlement, and filed paragraph of counterclaim.

The cause was submitted to a jury for trial and at the conclusion of the evidence, the court on its own motion instructed the jury to return a verdict for the defendant. Complaint is made of this action of the court. That the appellant and appellee did enter into a contract for drilling the well at the price per foot as alleged in the complaint, and that the appellant did enter upon the work and drilled a well to a depth of

one hundred and fifty feet, and that some one placed obstructions in the well so that the appellant was compelled to .abandon the well, and that he then made arrangements to drill another well, and that afterwards the appellee forbade the appellant to come upon his premises, were the facts established by the undisputed evidence. The appellant also gave evidence which tended to prove that he could have furnished an adequate supply of water at a depth not greater than two hundred feet, and that he would have made a substantial profit on the contract had he been permitted to complete the well.

There was also evidence given from which the jury · might have drawn the inference that the appellee placed the obstructions in the well. The evidence upon the issue of settlement and of the counterclaim was conflicting.

The court in a proper case undoubtedly has the right to direct the verdict, but it is only when the evidence upon the material questions is undisputed, and only one legitimate inference can be drawn therefrom. If there be any evidence whatever having legal weight, or any legitimate inference from the evidence tending to support the plaintiff's right to recover, the question must be left to the jury. The court in this case should not have directed a verdict for the defendant, unless a demurrer could have been·properly sustained to the evidence. Elliott Gen. Prac., section 887.

There being some evidence tending to show that the appellant could have furnished an adequate supply of water, and that the appellee prevented him from complying with the contract, and if the jury had so found, the appellant would have been entitled to recover if not

on. the contract at least upon the first paragraph of complaint for work and labor done.

Judgment reversed, with instructions to sustain the motion for a new trial.