## WABASH RAILROAD COMPANY *v.* REYNOLDS.

[No. 6,160.   Filed May 26, 1908.]

1. PLEADING.—*Complaint.*—*Exhibits.*—A complaint founded upon a breach of a railroad company's rules, which makes such rules a part thereof by exhibit, sufficiently makes such rules a part of the complaint; but if the complaint is not founded upon a breach of such rules, they form no part thereof, though attached as an exhibit. p. 682.

2. SAME.—*Complaint.*—*Conclusions.*—*Recitals.*—In construing a complaint, conclusions, recitals and irrelevant allegations will be disregarded. p. 682.

3. SAME.—*Complaint.*—*Railroads.*—*Expelling Employe from Hospital.*—A complaint against a railroad company for damages for wrongfully expelling plaintiff, an employe, from its hospital, is not founded upon a breach of the rules of such company, and such rules, attached as an exhibit to the complaint, cannot be considered in aid of such complaint. p. 683.

4. SAME.—*Complaint.*—*Code.*—*Requirements.*—The civil code did not change the common-law rule requiring the material facts constituting the cause of action to be directly averred, inferences not being indulged to supply such facts. p. 683.

5. SAME.—*Complaint.*—*Railroads.*—*Hospitals.*—*Maintenance of.*— A complaint alleging that defendant railroad company maintained, before the year 1900, a hospital in the City of Peru, and that defendant agreed to "receive plaintiff into said hospital," and upon his being injured in 1903, he "was taken immediately to the defendant company's hospital at Peru," does not sufficiently show that defendant maintained a hospital at Peru in 1903. p. 683.

6. SAME. — *Complaint.* — *Tort.*—*Railroads.*—*Hospitals.*—*Expulsion From.*—A complaint alleging that defendant railroad company maintained a hospital for its employes; that, upon an agreement with such employes, it retained a certain sum from their monthly wages for the support of such hospital; that plaintiff was injured in the company's service, and was taken to such hospital; that defendant's surgeon examined plaintiff's injuries, and knowing that they were not healed, wilfully discharged him from

such hospital, by reason whereof he sustained damages, attempts to state an action in tort for such expulsion. p. 684.

7. PLEADING.—*Complaint.—Theory.—Appeal.*—The theory of a complaint adopted at the trial, will be adhered to on appeal. p. 685.

8. NEGLIGENCE.—*Elements.*—Actionable negligence consists in (1) the existence of a duty from defendant to plaintiff, (2) a breach of such duty by defendant, and (3) resulting damages to plaintiff. p. 685.

9. RAILROADS.—*Hospitals.—Contracts.—Breach.—Action.*—Where a railroad company contracted with its employe to care for him in its hospital during the time he might be disabled because of injuries received in its service, its mere failure so to care for him gives rise to an action for a breach of contract, but not to an action in tort. p. 685.

10. PLEADING.—*Complaint.—Railroads.—Wilful Injuries.*—A complaint for damages for wilful injuries must allege that defendant purposely committed the alleged acts with the intent to inflict the particular injury complained of. p. 686.

From Miami Circuit Court; *Robert J. Loveland*, Special Judge.

Action by Daniel C. Reynolds against the Wabash Railroad Company and another. From a judgment on a verdict for plaintiff for $1,500, defendant company appeals. *Reversed.*

*Edwin P. Hammond, William V. Stuart, Daniel W. Simms* and *Bailey & Cole*, for appellant.

*F. D. Butler* and *Cox & Andrews*, for appellee.

MYERS, J.—Appellee sued appellant and Edward H. Griswold to recover damages for his alleged wilful and wrongful discharge by appellant from its hospital at Peru, Indiana. The defendants separately answered the complaint in denial. There was a general verdict in favor of appellee and against both defendants on the amended fourth paragraph of the complaint. With the general verdict the jury returned answers to thirty-two interrogatories. A separate motion by each defendant for judgment in its and his favor on the answers to the interrogatories, notwithstanding the general verdict, was overruled, and thereupon each of said defendants moved for judgment in its and his favor upon the state-

ments in the pleadings in said cause, notwithstanding the general verdict rendered against each of them. The motion of appellant was overruled, and the motion of the defendant Griswold, was sustained. Appellee thereupon moved for judgment against appellant and in his favor on the general verdict. This motion was sustained, and judgment rendered in favor of appellee for $1,500. Griswold had judgment for his costs.

By proper assignment of error said paragraph of complaint is challenged for want of sufficient facts to withstand a demurrer.

The allegations of this paragraph in substance show that prior to the year 1900 appellant erected and maintained a hospital in the city of Peru, Indiana, and prior to that year adopted and published rules relative thereto, which are sought to be made a part of said paragraph by exhibit; that appellee in the year 1900 was employed by appellant to do certain work, and while so in appellant's employ, on July 16, 1903, he slipped and fell, breaking the femur of his right leg about one and one-half inches below that part known as the great trochanter. "Plaintiff was taken immediately to the defendant company's hospital at Peru, Indiana." It is also alleged that appellee, from the time he entered appellant's service in the year 1900 until July, 1903, paid, and appellant received from him, the sum of thirty-five cents per month "in full for any and all medical and surgical services which plaintiff should require during the time he remained in the service of the defendant company;" that for the consideration aforesaid appellant "undertook and agreed to receive plaintiff into said hospital and properly to treat, care for, and render medical and surgical aid as required until he was cured or healed, and in a condition to be discharged." Said paragraph also shows that said Edward H. Griswold was in charge of the hospital and of appellee while therein, and did negligently and carelessly treat appellee's injury, describing the treatment, and "the

defendant's surgeon, said Edward H. Griswold, and Dr. H. W. Morehouse, who represented" appellant in that behalf, upon an examination of appellee's leg, learned that the same was not healed and would sustain no weight, and, with full knowledge that appellee was not fully treated and was not cured, said appellant "wilfully, purposely and wrongfully discharged and ejected plaintiff from said hospital in a weak and helpless condition;" that after being so discharged appellee employed another physician or surgeon, who advised and performed a surgical operation on his leg, resulting in a partial cure, whereby he was enabled to walk without the use of crutches; that he incurred great expense, and suffered great mental and physical agony and anguish, etc., to his damage in the sum of $2,000. Exhibit A referred to in said paragraph, so far as it is pertinent to the questions here involved, is as follows:

"Rules

of

The Wabash Railroad Company

for the

Guidance of Employes and Others in Cases of Personal Injuries, Deaths and Sickness,

and of

Wabash Employes' Hospital Association.

St. Louis, Missouri, November 1, 1901.

The employes of the Wabash Railroad Company having agreed to contribute a fund for the care of such of their number as may become sick, or may be injured while in the service of said company, and for the erection and maintenance of hospitals for the use of such sick and injured, it is therefore directed, in order to facilitate the collection and disbursement of such fund, that a deduction shall be made on the pay-rolls of the company from the pay of each employe so agreeing to contribute, as follows:

(1) Where the pay of an employe amounts to $50 or more per month, a deduction of fifty cents will be made; where the pay of an employe amounts to less than $50 per month, a deduction of thirty-five cents will be made.

The above deductions will be made in all cases where the employe is in continuous service or has worked as many as fifteen days in each month.''

Then follow instructions to employes relative to their duty in case of disability or personal injury to any employe entitled to participate in the benefits of the hospital association, continuing as follows:

''The Wabash Employes Hospital Association.

### Rules and Instructions.

Every employe who has contributed to the hospital fund, by deduction from his pay or otherwise, is entitled to hospital benefits upon presentation of a certificate signed by his or her foreman, provided that no employe shall be entitled to care and treatment within the hospital for a longer period of time than he or she has actually worked for the company, and has contributed to the hospital fund, and shall not be entitled to remain in the hospital after the surgeon in charge shall have certified to the chief surgeon that he has recovered from the disability, on account of which he entered the hospital, to such an extent as to render further medical and surgical attention unnecessary.''

Some of the defects urged against this paragraph have their support in the theory that the alleged cause of action is founded upon the ''rules'' sought to be made a part of the paragraph by exhibit. If this theory be correct, the exhibit is a part thereof. §368 Burns 1908, §362 R. S. 1881; *Miller* v. *Bottenberg* (1896), 144 Ind. 312; *Globe Accident Ins. Co.* v. *Reid* (1898), 19 Ind. App. 203. If not, the sufficiency of the pleading must be determined without reference to the exhibit. *Marley* v. *National Bldg., etc., Assn.* (1902), 28 Ind. App. 369, and cases cited; *Diggs* v. *Way* (1899), 22 Ind. App. 617. Looking to the language employed by the pleader, and giving it the theory most apparent and clearly outlined by the facts stated, and eliminating conclusions, recitals and irrelevant allegations (*Oölitic Stone Co.* v. *Ridge*

[1908], 169 Ind. 639; *Greenfield Gas Co.* v. *Trees* [1905], 165 Ind. 209; *Seymour Water Co.* v. *City of Seymour* [1904], 163 Ind. 120; *South Bend, etc., Plow Co.* v. *Cissne* [1905], 35 Ind. App. 373), the material facts remaining and directly stated exclude the conclusion that the paragraph in question is founded upon the written instrument, which we may designate as "rules," and such instrument is not to be taken into consideration in determining the question of the sufficiency of the pleading to withstand a demurrer for want of facts.

Cases may be found indicating that a more liberal rule in stating a cause of action is permitted under the code than at common law; but upon a careful reading of these cases it will be seen that the relaxation under the code applies to imperfect or uncertain allegations of fact, which might have been made more certain on motion. The decisions are harmonious on the question "that material facts necessary to constitute a cause of action must be directly averred" (*McElwaine-Richards Co.* v. *Wall* [1902], 159 Ind. 557; *Malott* v. *Sample* [1905], 164 Ind. 645; *South Bend, etc., Plow Co.* v. *Cissne, supra; Hay* v. *Bash* [1906], 37 Ind. App. 167), and that a material fact in a complaint cannot be supplied by inference either at common law or under the code requiring "a statement of the facts constituting the cause of action in plain and concise language" (§343 Burns 1908, §338 R. S. 1881), or, as said in *Island Coal Co.* v. *Clemmitt* (1897), 19 Ind. App. 21, "so plainly and concisely worded that what is intended may be known from what is said in the pleading." *Erwin* v. *Central Union Tel. Co.* (1897), 148 Ind. 365; *McElwaine-Richards Co.* v. *Wall, supra; Speeder Cycle Co.* v. *Teeter* (1897), 18 Ind. App. 474; *Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App. 215. Therefore, measuring the language found in said paragraph by the settled rules of pleading, we are not permitted to infer that appellant owned, maintained, controlled or operated a hospital during the year 1900

or thereafter, from the statements in the pleading that before the year 1900 it owned and operated a hospital in the city of Peru, and adopted and promulgated rules for its government and for the admission of patients; that it "agreed to receive plaintiff into said hospital," referring to a hospital maintained by appellant prior to the year 1900, or from the conclusion "that plaintiff, in July, 1903, was taken immediately to the defendant company's hospital at Peru, Indiana." If appellant owned and operated a hospital prior to the year 1900, from that fact it does not necessarily and positively follow that it was engaged in the same business one or three years thereafter. A court or jury may draw inferences from evidence, but courts cannot by inference read into a pleading a material and issuable fact. Therefore, as against a demurrer for want of facts, said statements have no force.

Appellee disclaims any right to recover in this action on the theory of malpractice. With this admission, and eliminating the parts and language of the paragraph to which we have referred, the most that can be said for the language remaining is that it shows a contract whereby appellant was under a duty to furnish the latter, in case of sickness or injury, proper care and treatment in a hospital and all medical and surgical services which he should require during the time he remained in appellant's service; that appellee was injured while in the service of appellant; that he was taken to a hospital and there received treatment, but on whose account does not appear; that "the defendant's surgeon, said Edward H. Griswold, and Dr. H. W. Morehouse, who represented the defendant railroad company, in that behalf, made a further examination of plaintiff's said leg, and learned from said examination that said leg was not healed, and with full knowledge that the plaintiff was not fully treated and was not cured said defendant wilfully, purposely and wrongfully discharged and ejected plaintiff from said hospital in a weak

and helpless condition.'' From all that appears in the record in this case and briefs of counsel on both sides, to which we refer (*Carmel Nat. Gas, etc., Co.* v. *Small* [1898], 150 Ind. 427), it is evident that the theory of this action as adopted by the parties in the trial court was an ac-

7. tion in tort, the wrong being in the discharge and ejection of plaintiff from the hospital. Such must be the theory in this court. *Southern R. Co.* v. *Jones* (1904), 33 Ind. App. 333; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574. It has often been affirmed that ''in every case involving actionable negligence, there are necessarily

8. three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; (3) an injury to the plaintiff from such failure of the defendant. * * * The absence of any one of these elements renders a complaint bad or the evidence insufficient.'' *Faris* v. *Hoberg* (1893), 134 Ind. 269, 374, 39 Am. St. 261. See, also, *Muncie Pulp Co.* v. *Davis* (1904), 162 Ind. 558, 562. In *Flint & Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, it is said ''that it is not every breach of contract which can be counted on as a tort, and it may also be granted that if the making of a contract does not bring the parties into such a relation that a common law obligation exists, no action can be maintained in tort for an omission properly to perform the undertaking.''

Whatever duty the appellant owed the appellee grew out of their contractual relations, and from the pleading we find no charge that appellant negligently performed or re-

9. fused to perform any duty enjoined upon it by that contract, which was the proximate cause of an injury to appellee, for which this cause of action is prosecuted. If appellant, for the consideration named, agreed to furnish and supply appellee with the services and benefits as alleged in the pleading, and it failed to do so, and appellee was com-

pelled at his own expense to procure the services which appellant neglected to furnish him, the action would be damages for the breach of the contract, and not in tort. *Flint & Walling Mfg. Co.* v. *Beckett, supra.* In this case the recovery was for a wrong, and the alleged wrong, founded in the fact that appellee was entitled under his contract to a surgical operation, which by inference only can we say appellant refused him, and which he obtained at an expense of $500, and that by reason of said operation he suffered great mental and physical agony and anguish, falls far short of stating that but for the act of appellant said operation would not have been necessary and that appellee would not have suffered the pain and anguish described in the pleading. Great stress is laid on the fact that appellant wilfully, purposely and wrongfully ejected appellee from the hospital. Grant that appellant in thus ejecting appellee from the hospital committed a wrong, what injury did appellant receive as a sequence of that wrong? In ejecting appellee from the hospital what injury did appellant intend thereby to inflict on appellee? The pleaded facts do not answer either of these questions, and yet, in order "to be good as a complaint for wilful injury, it should show by some consistent form of averment that the injurious act was purposely done with the intent on the part of the doer to inflict wilfully and purposely the particular injury of which complaint is made." *Kalen* v. *Terre Haute, etc., R. Co.* (1897), 18 Ind. App. 202, 63 Am. St. 343. And see *Union Traction Co.* v. *Lowe* (1903), 31 Ind. App. 336; *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385. For the reasons stated, the complaint was insufficient to withstand a demurrer for want of facts.

Judgment reversed.

Roby, J., absent.