### Spahr, Administrator, *v.* Polcar.

[No. 10,525. Filed December 11, 1919.]

1. **Appeal.**—*Briefs.—Recital of Evidence.—Presumptions.*—Under Rule 22, governing the preparation of briefs the condensed recital of the evidence contained in appellant's brief will be taken as accurate and sufficient for a full understanding of the questions presented for decision unless appellee has made the necessary corrections or additions.   p. 524.

2. **Sales.**—*Tailor-Made Clothing.—Implied Warranty.*—When an order is placed with a tailor for a suit of clothes for a particular individual, in the absence of a stipulation to the contrary, there is an implied agreement that such suit, when made, will be a reasonable fit for the person for whom it was ordered.   p. 525.

3. **Evidence.**—*Hearsay.—Effect of Failure to Object.*—Hearsay evidence unobjected to may be accepted as establishing the fact which it tends to prove.   p. 525.

From Jay Circuit Court; *Emerson E. McGriff,* Judge.

Proceeding to enforce claim by Charles G. Polcar against Charles O. Spahr, administrator of the estate of Caddie E. Spahr, deceased. From a judgment for claimant, the defendant appeals. *Reversed.*

*James R. Fleming,* for appellant.
*S. A. D. Whipple,* for appellee.

Batman, J.—This is an action arising out of a claim filed by appellee against the estate of Caddie E.

Spahr, deceased, for clothing furnished by him to the husband and two sons of decedent, and for money loaned to her, including interest on the alleged indebtedness. The cause was submitted to the court for trial, resulting in a judgment in favor of appellee for $284.24. Appellant filed a motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence, and is contrary to law. Said motion was overruled, and this action of the court is the sole error assigned on appeal.

Appellant in his brief has set out what he claims to be a condensed recital of the evidence in narrative form. Under Rule 22, governing the prepara-
1. tion of briefs, such recital will be taken to be accurate, and sufficient for a full understanding of the questions presented for decision, unless appellee has made the necessary corrections or additions. An inspection of appellee's brief discloses that he has not made any such corrections or additions, but has expressly stated that appellant's statement of the evidence is substantially correct. We will therefore direct our attention to the recital of the evidence made by appellant in his brief, in determining whether the decision of the court is sustained by sufficient evidence. An examination of this recital fails to disclose any evidence which tends to show that the estate of Caddie E. Spahr is liable for any portion of the claim in suit, unless it be the item of $35 for a suit of clothes charged to the decedent under date of April 24, 1912. The undisputed evidence with reference to this particular suit is that it was ordered by the decedent for her husband; that appellee made the same, and then asked decedent's husband to come up and try it on; that he afterwards came home and

said it would not fit him, and he would not take it. The evidence also showed that the suit was still in appellee's possession at the time of the trial. There is no evidence that the suit, when made, fit the decedent's husband for whom it was ordered, or that appellee altered the same so that it would fit him, nor is there any evidence that appellee made any further effort to deliver the suit to the decedent or her husband, or to have either of them accept the same.

Where an order is placed with a tailor for a suit of clothes for a particular individual, in the absence of a stipulation to the contrary, there is an implied agreement that such suit, when made, will be a reasonable fit for the person for whom it was ordered. In the instant case there is no evidence that would exclude such an implied agreement, while the fact that appellee requested the decedent's husband to come up and try it on tends to show that he understood that the suit was to be made to fit.

2.

The only evidence whether the suit did or did not fit is that given by the son of the decedent, who stated that, after appellee had requested his father to come up and try on his suit, he (the father) "came home and said it would not fit him, and he would not take it out of the shop." True, this statement is hearsay evidence, but, as it does not appear that any objection was made to the same, it may be accepted as establishing the fact which it tends to prove. *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 98 N. E. 824; *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 273, 121 N. E. 677, and cases there cited. For the reasons stated, the evidence fails to show any liability on the part of the estate of decedent for the particular suit in question. It follows,

3.

from what we have said, that the decision of the court is not sustained by the evidence, and for that reason appellant's motion for a new trial should have been sustained.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.