STATE OF INDIANA *v.* WILLIAMS.

[No. 26,729. Filed February 10, 1937.]

*Fred A. Egan, J. Edwin Smith, Philip Lutz, Jr.*, Attorney-General, and *James D. Sturgis*, Deputy Attorney-General, for the State.

*Oscar B. Thiel*, for appellee.

HUGHES, J.—This was a prosecution commenced in the city court of Gary, Indiana, by filing an amended affidavit in two counts which are as follows:

## COUNT I

"The undersigned affiant, being first duly sworn upon his oath, deposes and says that FLORENCE WILLIAMS at and in the *City of Gary,* County of Lake, State of Indiana, on or about the 17th day of *February,* 1936, did then and there unlawfully practice dentistry, not then and there being at the time of such practice a dentist duly licensed to practice as such in this state and registered in the office of the Clerk of the Circuit Court of this County, contrary to the form of the Statute in such case made and provided, against the peace and dignity of the State of Indiana.

## COUNT II

"The undersigned affiant, being first duly sworn upon his oath, deposes and says that FLORENCE WILLIAMS at and in the City of Gary, County of Lake, State of Indiana, on or about the 17th day of February, 1936, did then and there unlawfully aid or abet one W. W. Tarr, Jr., whose true christian name is unknown, in practicing dentistry while at said time the said W. W. Tarr, Jr., whose true christian name is unknown, was not a dentist duly licensed to practice as such in this State and registered in the office of the Clerk of the Circuit Court of this County, contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

The appellee filed a motion to quash on both counts of the affidavit, which was overruled by the judge of the city court. The defendant was arraigned upon said charge, and pleaded "not guilty." She was tried and found guilty as charged in count one, and not guilty in count two of the amended affidavit; and the court entered judgment against said appellee on the first count.

An appeal was prayed to the Lake Criminal Court, and a transcript of the appeal filed in said court. In the criminal court of Lake county, the appellee filed a motion to quash the first count of the amended affidavit for the following reasons:

"(1) That said first count of the amended affidavit does not state facts sufficient to constitute a criminal offense.

"(2) That said first count of the amended affidavit does not state a public offense with sufficient certainty."

The appellee further moved to quash count two of the amended affidavit for the same reasons as assigned in the motion to quash the first count.

The motion to quash the first count of the affidavit was sustained, to which ruling the State excepted and refused to plead further. The appellee was discharged, and judgment entered accordingly, to which judgment the State excepted and prayed an appeal of the cause to this court from the lower court's ruling, sustaining appellee's motion to quash.

The error assigned by the State is that the court erred in sustaining the appellee's motion to quash the first count of the affidavit.

The first count of the affidavit is as follows:

"The undersigned affiant, being first duly sworn upon his oath deposes and says that FLORENCE WILLIAMS at and in the *City of Gary,* County of Lake, State of Indiana, on or about the *17th* day of *February,* 1936, did then and there unlawfully practice dentistry not then and there being at the time of such practice a dentist duly licensed to practice as such in this state and registered in the office of the Clerk of the Circuit Court of this County, contrary to the form of the Statute in such case made and provided, against the peace and dignity of the State of Indiana."

The affidavit follows the language of the statute which is sub-section (1) of section 63-523 Burns 1933, §5608 Baldwin's 1934, and is as follows:

"Shall practice dentistry, in any county of the state, not being at the time of such practice a dentist duly licensed to practice as such in this state, and registered in the office of the clerk of the circuit

court of such county, pursuant to the provisions of this act;"

"Practicing dentistry" is defined in section 63-522 Burns 1933, §5607 Baldwin's 1934, and is as follows:

"Any person shall be said to be practicing dentistry within the meaning of this act who uses the word 'Dentist,' or 'Dental Surgeon,' or the letters 'D. D. S.,' or 'D. M. D.,' or other letters or titles in connection with his name, which in any way represents him as engaged in the practice of dentistry; or owns or operates a dental office, or is the manager or conductor of the same, or advertises or permits to be advertised by sign, card, circular, hand-bill, newspaper, radio or otherwise, that he can or will attempt to perform dental operations of any kind, or that he will diagnose or profess to diagnose, or treat or profess to treat any of the lesions or diseases of the human oral cavity, teeth, gums, maxillary or mandibular structures, or makes X-ray pictures of the human teeth or jaws, or extracts human teeth, corrects malpositions of teeth or jaws, or supplies artificial teeth as substitutes for natural teeth, administers dental anesthetics, either general or local, or engages in practices included in the curricula of recognized dental colleges; Provided, That this section shall not apply to an employee or assistant of a regularly licensed and practicing dentist engaged in making X-ray pictures in the office of such dentist, and under his direction; And, provided, further, That nothing in this act shall interfere with the performance of mechanical work on inanimate objects by any person employed in or operating a dental laboratory; And, provided, further, That this act shall not prevent dental students from performing dental operations under the supervision of competent instructors within the dental college or dental school of a university recognized by the Indiana state board of dental examiners, or in any public clinic under the supervision of the authorized superintendent of such clinic, authorized under the authority and general direction of the board of health or school board of any city or town in Indiana; And, provided, further, That legally licensed druggists of this state may fill prescriptions of legally licensed dentists of this state for any drug necessary in the practice of dentistry."

Section 63-513 Burns 1933, §5598 Baldwin's 1934, among other provisions, provides:

"In charging any person in a complaint for injunction, or in an affidavit, information or indictment, with a violation of this law by practicing dentistry without a valid license, it shall be sufficient to charge that such person did, upon a certain day and in a certain county, engage in the practice of dentistry, he not having a valid license so to do, without averring any further or more particular facts concerning the same."

Section 63-523 Burns 1933, §5608 Baldwin's 1934, provides:

"Any person, firm or corporation shall be guilty of a misdemeanor, and, upon conviction thereof, shall be subject to fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), or by imprisonment in the county jail for not less than thirty (30) days, or by both such fine and imprisonment, in the discretion of the court who:
"(1)  Shall practice dentistry, in any county of the state, not being at the time of such practice a dentist duly licensed to practice as such in this state, and registered in the office of the clerk of the circuit court of such county, pursuant to the provisions of this act; or"

(2) shall employ a non-licensed dentist; (3) shall offer to sell, or sell licenses, diplomas, and certificates; (4) shall purchase diploma, certificate, or transcript, with the intent that it shall be used as evidence of another's qualifications than the one on whom it was conferred; (5) shall use fraudulent and counterfeited certificates; (6) shall practice under the name of another; (7) shall assume title or degree; (8) shall falsely impersonate another at an examination. (Our language.)

It is contended by the appellant that the charge in the affidavit conforms to the provision of the statute, and is sufficient. The appellee contends that some or all of the specific provisions of section 63-522 (§5607 Bald-

win's 1934) must be set out in the affidavit in order to make it good as against a motion to quash, and that such a charge as contained in the affidavit violates section 13 of Article 1 of the Constitution of the State of Indiana, which provides that,

"In all criminal prosecutions the accused shall have the right to . . . demand the nature and cause of the accusation against him . . ."

Under section 63-523 Burns 1933 (§5608 Baldwin's 1934), the first subsection provides for the general charge of "practicing dentistry without a license," and each of the other subsections provides for a specific offense. Section 63-522 Burns 1933 (§5607 Baldwin's 1934) defines "practicing dentistry" within the meaning of the Act, and sets out specifically the things and acts which constitute the practice of dentistry.

The appellee contends that that part of section 63-513 Burns 1933 (§5598 Baldwin's 1934), heretofore set out, is unconstitutional, being in violation of section 13, Article 1 of the Constitution of Indiana. This question has been passed upon by this court in the case of *Melville* v. *State* (1910), 173 Ind. 352, 89 N. E. 490, 90 N. E. 467, and decided against the contention of the appellee in the instant case. In that case there was a prosecution against the appellant for practicing medicine without a license under a statute practically identical with subsection 1 of section 63-523 Burns 1933 (§5608 Baldwin's 1934), and also identical with that clause of section 63-513 Burns 1933 (§5598 Baldwin's 1934), above referred to; and the court held that "we are unable to believe that any provision of the State Constitution is impinged by the statute under consideration." In the above, the language conformed to that of the statute, the same as in the instant case, and the court overruled the motion to quash.

The same question as presented in the instant case, and in the case of *Melville* v. *State, supra,* was presented

in *Witty* v. *State* (1909), 173 Ind. 404, 90 N. E. 627. The court held that the motion to quash was properly overruled, and approved the holding in the Melville case, *supra*.

In the case of *Benham* v. *State* (1888), 116 Ind. 112, 115, 18 N. E. 454, the appellant was prosecuted for practicing medicine without a license under an affidavit conforming to the language of the statute. With reference to the motion to quash, the court said:

"The offense charged against appellant herein is purely a statutory offense—that is, it was created and defined and its punishment prescribed by the provisions heretofore quoted of the above entitled act of April 11th, 1885. In such a case, it has been held by this court, as a general rule, that an indictment or information will be sufficient to withstand a motion to quash, if it charge the offense in the language of the statute, or in terms substantially equivalent thereto."

See, to the same effect: *Parks* v. *The State* (1902), 159 Ind. 211, 64 N. E. 862; *Howard et al.* v. *The State* (1882), 87 Ind. 68; *The State* v. *Miller* (1884), 98 Ind. 70; *Trout* v. *The State* (1887), 111 Ind. 499, 12 N. E. 1005; *Eastman* v. *The State* (1887), 109 Ind. 278, 10 N. E. 97. The case of *Parks* v. *State, supra,* is also one where the appellant was charged with practicing medicine without a license, and it is there held that the language used in the indictment conformed to the language of the statute, and was sufficient to withstand a motion to quash.

In the case of *Shilling* v. *State* (1854), 5 Ind. 443, it said (p. 443):

"As a general rule, the essential facts which constitute the offense should be specifically and certainly stated in the indictment; but there is a class of cases to which that rule does not apply. Whenever the charge consists of a series of acts, they need not be specially described, because they are not the offense itself, but merely go to make up the evidence of the offense."

The substance of that part of section 63-513 Burns 1933 (§5598 Baldwin's 1934), *supra,* and the constitutionality of the same has been passed upon by other courts of last resort and held to be constitutional. In the case of *Goerson* v. *Commonwealth* (1882), 99 Pa. St. 388, the defendant was prosecuted for murder. The indictment followed the statute which declared (p. 397) that " 'it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully and of his malice aforethought, kill and murder the deceased.' " The objection was that the indictment did not aver in what way or manner the murder was committed, and, therefore, did not notify the defendant of the "nature and cause" of the accusation (p. 398). "The argument," says the court, "is based on the assumption that 'nature and cause' are equivalent to 'mode and manner.' They are clearly distinct. The nature and cause of a criminal prosecution is sufficiently averred by charging the crime alleged to have been committed. This must be done. The mode or manner refers to the instrument with which it was committed, or the specific agency used to accomplish the result. It is not necessary to aver either of these in the indictment." In the case of *State* v. *Morgan* (1892), 112 Mo. 202, 87 S. W. 61, it was held that (p. 206) "the legislature may prescribe a form of indictment and in doing so may dispense with averments which would be held necessary and essential to a good common-law indictment. The limitation and only limitation is that the indictment must furnish to the accused 'the nature and cause of the accusation.' " Many cases are cited in the above case from different states, and all hold that such a provision of the statute as contained in section 63-513 Burns 1933 (§5598 Baldwin's 1934), *supra,* constitutional.

In our opinion the affidavit is sufficient and fully meets the requirements of section 13, Article 1, of the Constitution of Indiana, and should not have been

quashed. The substantive offense charged is the practicing of dentistry without a license. All, or any one, of the acts set forth in section 63-522 Burns 1933 (§5607 Baldwin's 1934), *supra*, may enter into the substantive offense, but, whether one or all of them do so, there is but one substantive offense—that is, practicing dentistry without a license. The language of the charge in the affidavit sufficiently meets the requirements of section 13 of Article 1 of the Indiana State Constitution.

The appellee insists that the dental practice act contains provisions which are not within the police power of the state to enact, and are unconstitutional. She insists that the provisions in section 63-522 Burns 1933 (§5607 Baldwin's 1934), *supra*, defining the practice of dentistry, in so far as it declares that (1) one who owns or operates a dental office; (2) one who manages or conducts a dental office; and (3) one who engages in practices included in the curricula of recognized dental colleges are all unconstitutional and void.

The appellee admits that the state may make it a criminal offense to practice dentistry without a license, and may regulate the practice of dentistry. This admission makes it unnecessary to discuss this power on the part of the state. It being admitted that the state has this power, then the inquiry is, Has it exceeded its power in section 63-522 Burns 1933 (§5607 Baldwin's 1934), *supra*, as above contended by appellee? The different sections of the Dental Act must be construed together in order to reach a proper result in this case. We find that section 63-503 Burns 1933 (§5588 Baldwin's 1934) provides that an applicant must procure from the state board of dental examiners a certificate that such person is entitled to practice dentistry in the State of Indiana, and, in order to procure such certificate, the applicant shall submit to the state board of dental examiners his diploma

from a dental college recognized by the said board, or holding a license from said board.

It has been held in the case of *Graves* v. *Minnesota* (1926), 272 U. S. 425, 428, 47 S. Ct. R. 122, 71 L. Ed. 424, a provision as above referred is valid. The Minnesota Dental Act provided that the applicant for a license should produce, before the board of examiners, "his diploma from some dental college of good standing," and it was for the board to determine the standing of the college. In this case the court said:

> "Clearly the fact that an applicant for a license holds a diploma from a reputable dental college has a direct and substantial relation to his qualification to practice dentistry. We cannot say that the state is acting arbitrarily or unreasonably when, in the exercise of its judgment, it determines that the holding of such a diploma is a necessary qualification for the practice of dentistry . . .;"

In the case of *State* v. *Green* (1887), 112 Ind. 462, 14 N. E. 352, it was held that the provision, relative to the practice of medicine, that the applicant should show by affidavit that he had graduated from some "reputable" medical college was not repugnant to either the State or Federal Constitution.

The clause "or engages in practices included in the curricula of recognized dental colleges" in our judgment is as much within the police power of the state to enact as any of the other provisions of the definition, defining the practice of dentistry. It is to be noted that the language used is "or engages in *practices* (our italics) included in the curricula." It does not refer to the subjects taught in the dental college but to those things which are practiced as provided in the curricula, which evidently mean the things practiced in the dental clinic, such as, operative prosthetic dentistry, crown and bridge work, inlay, and orthodontia. When one is engaged in such practice, he

would then be said to be practicing dentistry under the definition as defined in the foregoing section. That this is the correct interpretation of said clause is clearly indicated by the further provision of said section 63-522, "that this act shall not prevent dental students from performing dental operations under the supervision of competent instructors within the dental college or dental school of a university recognized by the Indiana board of dental examiners."

The other two exceptions taken by appellee, and claimed to be void, are, "one who owns or operates a dental office," and "who is the manager or conductor of the same," as defining the practice of dentistry in section 63-522 Burns 1933 (§5607 Baldwin's 1934), *supra*.

The case of *State* v. *Bailey Dental Co*. (1931), 211 Iowa 781, 234 N. W. 260, was a suit in equity to enjoin the defendant corporation from practicing dentistry on the ground that it had no license. With reference to the defendant's contention that it was not practicing dentistry, the court said (p. 784) :

"Defendant's first contention is that it is not practicing dentistry. Immediately upon its incorporation, it did open an office in the city of Des Moines, and equipped the same for the purpose of practicing dentistry. Pursuant to the same purpose, it employed licensed dentists for its work. This course of procedure has been followed ever since. It has advertised the practice of dentistry under its corporate name, and not otherwise. It has obeyed the statute in posting the names of its employee-dentists. No officer of the corporation is a licensed dentist. The ownership and control of the entire equipment is in the corporation and its officers, and not in the employees. Its unlicensed officials necessarily determine all its policies, whether they be deemed professional or commercial. If such officials were to carry on this business as individuals, without the formality of a corporate organization and without a license, would they be amenable

to the statutes above quoted, as violators thereof? The affirmative on this question seems too plain to tolerate argument. If these officials could not, as individuals, conduct this business without a license, we can conceive of no reason why they should be permitted to do so, under the statute, under a corporate organization and name. If a business thus conducted by an individual be unlawful, it is likewise unlawful if conducted by a corporation. . . . We hold, therefore, that the defendant-corporation was practicing dentistry, and was doing so therefore in violation of the statute."

The profession of dentistry is not a business, but one of the learned professions which requires long years of study before one is capable of practicing the profession. It is not a business where one can procure a room and a manager to run the same. Before one may practice dentistry, he must pass a rigid examination and secure a license or permit to practice. If a person alone, or an association of persons who fail to have the necessary learning to pass the dental examination can own, manage, and operate a dental parlor with a licensed dentist in charge, then all the statutes regulating the practice of dentistry would be of no effect. The standards and ethics of the dental office, the class of workmanship, and the price, would be regulated by the owner or manager. The purpose of the dental statute is to prevent anyone from practicing dentistry who is not duly licensed and qualified, and anyone who is not so qualified can neither directly nor indirectly practice dentistry. If one who is not qualified and licensed to practice is permitted to select and rent an office, and then employ licensed dentists to do the actual work, either upon a commission or salary basis, he would certainly be doing a dental business, and would be doing indirectly what he could not do directly. 2 R. C. L. 946. Of course, this provision of the statute is not applicable to one who is a duly licensed dentist. It is directed to those who are not, and is for the protection of the dental profession and the public.

The appellee relies upon the case of *State* v. *Brown* (1905), 37 Wash. 97, 79 Pac. 603, 68 L. R. A. 889, to sustain her position. It was held in this case that a statute requiring an examination and license in order to "own, run or manage" a dental office or department is void. This decision, we think, in effect, has been overruled in a later decision of the same court entitled *State ex rel.* v. *Merchants Protective Corporation* (1919), 105 Wash. 12, 177 Pac. 694. It has been expressly repudiated in *People* v. *Carroll* (1936), 274 Mich. 451, 264 N. W. 861; *People* v. *United Medical Service* (1936), 262 Ill. 442, 200 N. E. 157; and in *Rust et al.* v. *State Board of Dental Examiners of Wisconsin* (1934), 216 Wis. 127, 256 N. W. 919. In the last case, it is said (p. 130):

"The law contemplates regulation of the profession to such an extent as to protect the public, not only against the acts of unprofessional conduct of licensed dentists, but also against those who, by management or some other intimate relation, are in charge of those who are practicing dentistry under a single management.

" '. . . If the contention of appellant be sound, then the proprietor of the business may be guilty of gross misconduct in its management and violate all standards which a licensed dentist would be required to respect and stand immune from any regulatory supervision whatsoever. His employee, the licensed dentist, would also be immune from discipline upon the ground that he was but a mere employee and was not responsible for his employer's misconduct, whether the employer be a corporation or a natural person. On grounds of public policy such a condition could not be countenanced.' "

We are of the opinion that none of the provisions of the dental act complained of by the appellee violates any provision of the State or Federal Constitutions.

The motion to quash should have been overruled.

Judgement reversed.