HUBER *v.* PROTESTANT DEACONESS HOSPITAL, ETC. ET AL.

[No. 18,526.   Filed May 1, 1956.   Rehearing denied June 14, 1956.   Transfer denied April 29, 1957.   Rehearing on petition to transfer denied June 27, 1957.]

*Warren W. Martin,* of Boonville, *Ted Lockyear, Jr.,* and *Russell S. Armstrong,* both of Evansville, for appellant.

*Nat H. Youngblood, Herman L. McCray, Gaylon L. Clark, Jr.,* and *Ruth D. Maier,* all of Evansville, for appellee Protestant Deaconess Hospital Association, of Evansville, Indiana.

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, and *Kenneth W. Weyerbacher,* of Boonville, for appellee Tilden.

*Richard Waller, Robert D. Norton,* and *James M. Schwentker, Jr.,* all of Evansville, for appellee J. D. McDonald.

BOWEN, J.—The appellant filed a complaint in two paragraphs charging certain acts of negligence by the appellees in connection with the administration of a spinal anesthetic. The first paragraph charged the appellee, Dr. Margaret H. Tilden, with negligence in administering spinal anesthesia to the appellant in connection with an operation for the removal of appellant's appendix, which operation was performed by the appellee, Dr. J. D. McDonald. Such paragraph further alleges failure to make proper tests to determine the advisability of a spinal anesthetic, or to determine the

condition of the patient's health, and further charged negligence in the administration of such anesthetic. Such negligence is alleged to have been in giving the injection too high, too deep, at the wrong angle, using the wrong solution with the wrong instrument, and injecting the instrument improperly. Such services were performed by doctors Tilden and McDonald at the Protestant Deaconess Hospital Association of Evansville, Indiana, one of the appellees herein. The second paragraph of the complaint alleged that the appellee hospital was a corporation organized for profit and that such hospital was not organized as a charitable institution; that the appellee, Dr. Margaret H. Tilden, was employed by said appellee hospital corporation to administer anesthetics of all types to patients in such hospital and that said Tilden acting for and on behalf of said hospital corporation in connection with an operation by the appellee, Dr. J. D. McDonald, did undertake to administer an anesthetic without the appellant's consent, and that as a direct result thereof appellant was injured. The prayer of said complaint asked damages in the amount of $25,000.00.

At the conclusion of appellant's evidence the court directed a verdict for all of the appellees. Judgment was rendered on such verdict, that the appellant recover nothing whatsoever from any of the defendants herein on either paragraph of said complaint, and that the costs be assessed against appellant except the costs of the struck jury in said cause, which were assessed against the appellee, Margaret H. Tilden.

Appellant filed a motion for a new trial which alleged irregularity and error of law occuring at the trial in that the court erred in directing a verdict for each of said appellees; that the court abused its discretion in directing the verdict for each of such appellees; and that the verdict and judgment against the appellant and

in favor of the several appellees was contrary to law. Said motion for a new trial was overruled and this appeal followed.

It is well settled that the trial court may, and it is its duty upon proper request, to direct a verdict for the defendant in cases where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to the plaintiff's right of action. *Patterson* v. *Southern R. Co.* (1913), 52 Ind. App. 618, 99 N. E. 491; *Cleveland, etc., R. Co.* v. *Haas* (1905), 35 Ind. App. 626, 74 N. E. 1003; *Tabor* v. *Continental Baking Co.* (1942), 110 Ind. App. 633, 38 N. E. 2d 257. The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed, and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Roberts* v. *Terre Haute Electric Co.* (1906), 37 Ind. App. 664, 76 N. E. 323, 76 N. E. 895; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723.

When a motion for a directed verdict is presented the court must consider only the evidence and reasonable inferences to be drawn therefrom which are in favor of the party against whom the directed verdict is sought. *State ex rel. Thompson* v. *City of Greencastle* (1942), 111 Ind. App. 640, 649, 40 N. E. 2d 388; *Kettner* v. *Jay* (1940), 107 Ind. App. 643, 645-646, 26 N. E. 2d 546; *Orey* v. *Mutual Life Ins. Co. of N. Y.* (1939), 215 Ind. 305, 306-307, 19 N. E. 2d 547. The trial court is not permitted to weigh the evidence in passing upon a motion for a directed verdict, for to

do so would invade the province of the jury. *Moslander* v. *Moslander's Estate* (1941), 110 Ind. App. 122, 126, 38 N. E. 2d 268. If there be any evidence of probative value or any legitimate or reasonable inferences to be drawn therefrom which support appellant's right to recover in the instant case, such matters would be for the jury. *Kearns* v. *Burling* (1895), 14 Ind. App. 143, 145, 42 N. E. 646.

From the record herein and the evidence presented on behalf of the appellant, and the reasonable inferences to be drawn therefrom most favorable to the appellant, the following facts appear:

At the time the spinal anesthetic was administered by the appellee, Dr. Margaret H. Tilden, she was employed by the appellee, Protestant Deaconess Hospital Association of Evansville, Indiana, and she had been assigned by said appellee hospital association to administer the spinal anesthetic to the appellant following the request of the appellee, Dr. J. D. McDonald, that he be furnished with a hosiptal anesthetist. Appellee Dr. Tilden, a physician who had been practicing in her special field of anesthesiology in the city of Evansville, Indiana, since April 1948, gave expert medical testimony to the effect that in the case of a spinal anesthetic the needle should be inserted between the second and third lumbar vertebra of the spine and that such area was the place where the anesthetic "should be given." There was, therefore, competent medical evidence establishing proper medical standards as to the proper place for the administration of the anesthetic in this case. *Walker Hospital* v. *Pulley* (1921), 74 Ind. App. 659, 664-665, 127 N. E. 559, 128 N. E. 933; *Lashley* v. *Koerber* (1945), 26 Cal. 2d 83, 156 P. 2d 441; *Buckner* v. *Wheeldon* (1945), 225 N. C. 62, 33 S. E. 2d 480. It has been held that such standards may be established by the testimony of the defendant

physician. *Worster* v. *Caylor* (1953), 231 Ind. 625, 110 N. E. 2d 337; *Jacobs* v. *Grigsby* (1925), 187 Wis. 660, 205 N. E. 394; *McCurdy* v. *Hatfield* (1947), 30 Cal. 2d 492, 183 P. 2d 269.

While there is conflicting evidence as to where the spinal anesthetic was administered, Dr. Ver Brugghen testified regarding his examination of the appellant that the appellant pointed to a place in the region of the twelfth thoracic vertebra in which he believed the injection of the needle was made. Appellant's parents both testified that after the operation they saw a red spot on appellant's back to the left of his spine and a short distance below his shoulder blade.

Appellant was conscious when the spinal anesthetic was administered and at such time pain shot into appellant's head and he felt as though he had been hit by something. The anesthetic was administered by means of a hollow metallic needle about four inches long and between 1/16 and 1/32 of an inch in thickness. Following the administration of the anesthetic appellant became nauseated, his right foot and right leg were paralyzed and numb, he was unable to urinate and had to be catheterized. These conditions, in moderated form, still existed at the time of the trial and had existed since the spinal anesthetic was administered. Sensitivity to pain and temperature was absent. The same condition that prevailed with reference to the leg existed from the waist down and from the center, including the right half of the penis, in front and behind. Appellant's sleep had also been affected. Prior to the administration of the spinal anesthetic appellant had never had anything wrong with his back or the right side of his body. As a result of the spinal anesthetic being administered at the point where it was, his spinal column was permanently injured. There is a medical testimony that appellant sustained a partial conus in-

jury, which injury can only be produced in the spinal cord and can not be produced in the sacral and lumbar nerves of the lower equina. There is also medical testimony that the appellant sustained a partial conus injury on the right side, which, for all practical purposes, produced an anterolateral cordotomy from the twelfth thoracic vertebra.

The foregoing evidence in this record regarding the administration of the spinal anesthetic and the medical testimony regarding appellant's conditions and symptoms completely negatives any involvement of the anatomical structure which would have been affected by administering the anesthetic in the proper place in the region of the second and third lumbar vertebra.

On the record before us, therefore, the lower court was bound to have concluded that a reasonable inference might have been drawn by the trier of the facts, based upon competent and expert medical evidence, considering the proper manner and method under accepted medical standards of reasonable care and skill, that Dr. Margaret H. Tilden, a skilled anesthetist, was guilty of actionable negligence as charged in the complaint in making the injection for this spinal anesthetic too high.

The appellee Tilden relies strongly on the case of *Ayers* v. *Parry*, 192 F. 2d 181 (CCA 3rd, 1951). However, a comparison of the facts in the case at bar with those of the Ayers case makes it necessary for use to conclude that such case is not of controlling merit when applied to the question involved herein. In the Ayers case the spinal anesthetic was administered at the proper place, between the second and third lumbar vertebrae, and the patient suffered an injury to the nerve roots in the lower end of the spinal cord and this condition was produced by the spinal anesthesia. The court in rendering its opinion stated:

"We think it is beyond dispute that the nerve roots which were damaged in the process of producing anesthesia by injecting the drug into the spinal cord are within the region of treatment and that the cause of this injury to the nerve roots and its effect on the leg and adjacent organs must be explained by experts. When the expert testimony offered by the plaintiff ascribes the cause to the toxic quality of the injected drug as distinguished from the negligence of the anesthetist, that evidence is binding upon the court and the jury would not be permitted to speculate to the contrary."

The court also in the *Ayers* case, *supra,* drew a distinction between the facts of the case under consideration and cases involving an ulterior act or omission in the following language:

"Occasionally expert testimony is not required where an injury results to a part of the anatomy not being treated or operated upon and is of such character as to warrant the inference of want of care from the testimony of laymen or in the light of the knowledge and experience of the jurors themselves. This situation arises when an ulterior act or omission occurs, the explanation of which does not require scientific opinion. Vergeldt v. Hartzell, infra, footnote 1; and see 70 C. J. S., Physicians and Surgeons, §62 d(2) ; 41 Am. Jur. Physicians and Surgeons §129. But where, as here, an injury to healthy tissue within the region of treatment constitutes an occurrence beyond the realm of the knowledge and experience of laymen, the issue of negligence with respect to that injury must be determined by expert testimony."

It must be noted that our Supreme Court in *Worster* v. *Caylor, supra,* which was a case involving the accidental nicking of a bowel during the performance of an internal operation, called particular attention to the fact that the appellant patient was wholly under the influence of an anesthetic while the operation was in progress during which the injury was alleged to have occurred. In the case at bar the appellant was conscious

at the time a hollow metallic needle four inches long and from 1/16 to 1/32 of an inch in thickness was inserted in his back. Certainly a statement on his part of where he believed that such needle was inserted to an examining physician, whose testimony regarding the same was not objected to by the appellee [nor have errors been assigned with reference thereto], would be entitled to some consideration.

The foregoing evidence considered in connection with the expert medical evidence concerning the nature of the injuries received, and the competent medical evidence as to proper standards of procedure in the administration of spinal anesthetics, created a substantial basis for a reasonable inference that an ulterior act contrary to the usual and accepted standards of reasonable care and skill constituting actionable negligence was committed by appellee, Dr. Margaret H. Tilden. *Walker, Adm.* v. *Steele et al.* (1889), 121 Ind. 436, 22 N. E. 142, 23 N. E. 271; *Suit* v. *Hershman* (1918), 66 Ind. App. 388, 118 N. E. 310; *Spahr, Adm.* v. *Polcar* (1919), 71 Ind. App. 523, 125 N. E. 419; *Nat. City Bank* v. *Kirk* (1926), 85 Ind. App. 120, 134 N. E. 772.

Further error is predicated on the action of the court in directing a verdict in favor of the appellee, Dr. J. D. McDonald. The evidence in the record shows that the appellant employed Dr. J. D. McDonald to perform the operation for the removal of appellant's appendix and that the appellee, Dr. Margaret H. Tilden, who was employed by the appellee hospital association, was assigned to administer the anesthetic to the appellant following the request of the appellee, Dr. McDonald, that he be furnished with a hospital anesthetist. There is no claim made that such anesthetist was not a duly qualified and experienced specialist in the field of anesthesiology. The undisputed evidence shows that Dr. Mc-

Donald was not present when the anesthetic was administered; that he had gone into another room for the sterilization of his hands; and there is no evidence upon which a reasonable inference could be based that Dr. Tilden was administering such anesthetic under the control and direction of Dr. McDonald. The appellant was fully conscious and completely aware of all of the surrounding circumstances at the time Dr. Tilden administered the anesthetic. The record is devoid of any objections or remonstrances on the part of the appellant in accepting the services of Dr. Tilden or in the administration of the particular type of anesthesia. There is nothing in the evidence from which an inference could be based that Dr. Tilden was not in complete charge of the giving of the anesthetic. From appellant's testimony and that of his mother and father it does not appear that any words were spoken with Dr. McDonald which would give rise to any reasonable inference that any express agreement had been made as to the giving of this particular anesthetic prior to the operation. The appellant, however, asserts that there was an implied agreement between the appellant and Dr. McDonald with reference to the giving of the anesthetic.

The cases uniformly hold that a surgeon is not liable for the negligence of the anesthetist unless such negligent acts of such anesthetist are committed under such circumstances as impose a duty on the surgeon to correct the anesthetist. *Loudon* v. *Scott* (1920), 58 Mont. 645, 194 Pac. 488, 12 A. L. R., 1493 to 1495; *Wiley* v. *Wharton* (1941), 68 Ohio App. 345, 41 N. E. 2d 255; *Ayers* v. *Parry, supra; Cavero* v. *Franklin, etc., Benevolent Soc.* (1950), 36 Cal. 2d 301, 223 P. 2d 471; *Meyer* v. *St. Paul Mercury Indemnity Co. La.* (1952), 61 So. 2d 901; *Levy* v. *Vaughan* (1914), 42 App. D. C. 146; *Hohenthal* v. *Smith* (1940), 114 F. 2d 494, U. S. Ct. App. D. C.

In this case we have a situation where reasonable inferences might be drawn that a medical doctor who was specially trained in the field of anesthesiology did not use accepted standards and methods of reasonable care and skill in administering an anesthetic in the absence of the surgeon who was to perform the operation. There is no evidence from which any inferences could be drawn which would have established a duty on the part of the surgeon to object or remonstrate. Under such circumstances we are not apprised of any rule of law which would impose liability upon Dr. J. D. McDonald for the negligent acts of the anesthetist, Dr. Tilden, in administering the spinal anesthetic too high upon the back of the appellant. To hold Dr. McDonald liable under the circumstances shown by this record would establish a rule of law that would make a doctor liable for the reports of a pathologist who has told a patient that a tissue is cancerous or benign, and for all of the acts and recommendations of other types of similar specialists whose recommendations and acts are in no way subject to the dominion and control of the surgeon.

In this age of specialization in the practice of medicine it is the duty and function of courts of law to apply rules of law with an intelligent understanding of developing civilization in the field of medicine and surgery. Certainly it would be unjust to hold a family physician responsible for negligent acts of a surgeon whom he might recommend. 46 A. L. R. 1454; *Nelson* v. *Sandell* (1926), 202 La. 109, 209 N. W. 440; 46 A. L. R. 1447; *Mayer* v. *Hipke* (1924), 183 Wis. 382, 197 N. W. 333; *Brown* v. *Bennett* (1909), 157 Mich. 654, 122 N. W. 305.

While Dr. McDonald requested that the hospital furnish an anesthetist it appears to this court that there is nothing shown in the circumstances of this record,

when applied to the existing rules of law, which would render the appellee, Dr. McDonald, liable for the negligent acts of this trained specialist.

The appellant assigns further error in the action of the lower court in directing a verdict in favor of the appellee, Protestant Deaconess Hospital Association of Evansville, Indiana. The law of this state binding upon this court as to the liability of hospital corporations is set forth in the case of *Iterman* v. *Baker* (1938), 214 Ind. 308, 15 N. E. 2d 365, in the following language:

> "Under the statutes of this state it has never been doubted that it is unlawful for a corporation to practice medicine, and any contract made in the name of a corporation, binding it to diagnose or treat ailments or diseases, it is not only *ultra vires*, but unlawful and against public policy. The right to practice medicine and surgery under a license by the state is a personal privilege. It cannot be delegated, and a corporation, or other unlicensed person, may not engage in the practice of medicine by employing one who is licensed to do the things which constitute practicing the profession. *State* v. *Williams* (1937), 211 Ind. 186, 5 N. E. 2d 961."

This case, in applying the settled law of this state, holds that the duty of a hospital corporation, in respect to physicians and surgeons, would be complied with by using reasonable and ordinary care to employ reasonably qualified, reputable, licensed physicians, and in such cases the physicians or surgeons are independent contractors. *Iterman* v. *Baker, supra.* *Wabash R. Co.* v. *Kelley* (1899), 153 Ind. 119, 52 N. E. 152, 54 N. E. 752; *Wabash R. Co.* v. *Reynolds* (1908), 41 Ind. App. 678, 84 N. E. 992.

No claim is made in the record before us that the anesthetist, Dr. Tilden, who was employed by the hospitail, was not a reasonably qualified, reputable, licensed physician and anesthetist.

By reason of the conclusions reached herein it is unnecessary to consider other specifications of error asserted by the appellant.

The *lower court did not err in directing* a verdict in favor of the appellee, Dr. J. D. McDonald, and the appellee, Protestant Deaconess Hospital Association of Evansville, Indiana, but such lower court did err in directing a verdict in favor of Dr. Margaret H. Tilden.

This cause is therefore affirmed in part as to the action of the trial court in sustaining motions for a directed verdict in favor of Dr. J. D. McDonald and Protestant Deaconess Hospital Association of Evansville, Indiana, and in rendering judgment thereon in favor of such appellees.

However, the lower court abused its discretion and invaded the province of the jury by giving its written instruction tendered and requested by the appellee, Margaret H. Tilden, directing a verdict for the defendant, Margaret H. Tilden, on each paragraph of appellant's complaint before the introduction of any evidence by said appellee, and the verdict and judgment of the *lower court in favor of the appellee, Margaret H. Tilden,* is contrary to law.

This judgment is therefore hereby reversed as to the action of the trial court in sustaining a motion for a directed verdict in favor of appellee, Margaret H. Tilden, and in rendering judgment in her favor.

Judgment affirmed as to appellees, J. D. McDonald and Protestant Deaconess Hospital Association of Evansville, Indiana, and reversed as to appellee, Margaret H. Tilden.

Royse, C. J., not participating.

NOTE.—Reported in 133 N. E. 2d 864.

Transfer denied Bobbitt and Emmert, JJ., dissent (without opinion).